Cookson and Waddington *against* Turner.

THIS was a foreign attachment to *March* 1796, in which judgment was entered at the third term; but no proceeding had since taken place in the cause. The attachment was laid in the hands of Mr. *Waddington* one of the plaintiffs.

*The court will not dissolve a foreign attachment, merely because there has been no writ of inquiry executed for fourteen years, if the delay is accounted for.*

*Rawle* for the defendant, moved for a rule to shew cause why the attachment should not be dissolved, upon the ground of the great delay in executing a writ of inquiry. He said that unless he was entitled to relief in this way, the plaintiffs might suspend the cause for ever, and keep the defendant at bay. For if he brought an action against Mr. *Waddington,* the foreign attachment, so long as it remained upon the docquet, would inevitably defeat him.

*Dallas* and *Tilghman contra* answered, that the defendant might at any time cure the evil by entering special bail, and that even after a delay of twenty years, this court had not dissolved an attachment, but had directed an indemnity to the garnishee before he paid over the money. 4 *Dall.* 253. That the plaintiffs intended to prosecute the writ of inquiry upon the arrival of certain papers; and that the delay had been caused, first by an understanding with the defendant himself, and afterwards by suits brought against the plaintiffs by the defendant in *Massachusetts* and elsewhere, in consequence of which, the papers necessary upon the writ of inquiry, had been sent to *England* to be proved, where by various casualties they were still detained.

Per Curiam. We do not see cause to dissolve the attachment, as the plaintiffs have accounted for the delay in issuing the writ of inquiry. If upon the arrival of the plaintiffs' papers from *England*, they neglect to execute a writ of inquiry, there may be ground for the court to interpose.

Rule refused.