## Fessler *versus* Ellis *et al.*, Garnishee of Fields.

*Attachment in Execution.—Rights of Attaching Creditor.—Indebtedness of Garnishee, how proved.—Presumption of Payment.*

1. In an execution-attachment, the plaintiff is placed in the position and acquires the rights of his debtor, as regards the garnishee; and after an answer filed and issue joined, the same presumptions of law arise upon the trial from any particular evidence, as if there had been no attachment, and the suit had been by the creditor of the garnishee against him.

2. The garnishees in an attachment answered to the interrogatories, that they had no goods or effects of the defendant, and that nothing was due him by them. Issue being joined on the plea of *nulla bona*, upon the trial, the plaintiff showed that one of the garnishees had been indebted to the defendant for sawing upon contract a large amount of lumber, but did not show any indebtedness at the time of or since the attachment; nor did the garnishee show any payment or set-off, which would have been a defence had suit been brought for the manufacture of the lumber. *Held*, that the contract and performance being proved, and no payment or set-off shown, the presumption arose that the money earned had not been paid; that from the facts in evidence, the conclusion of law was, that the garnishee had funds in possession sufficient to satisfy the judgment, and that the instruction of the court below to the jury, to find for the defendant on the ground that the plaintiff had failed to make out a case, was error.

ERROR to the Common Pleas of *Lycoming county*.

This was an attachment-execution sued out to April Term 1859, by A. J. Fessler against Josiah Fields, with notice to Mary Ellis, Furman Fields, and others, garnishees of the defendant.

The case was this:—A. J. Fessler obtained a judgment on the 3d day of February 1859, for $859.51, against Josiah Fields, under which this attachment-execution was taken out, and Mary Ellis and Furman Fields, summoned as garnishees on the 7th of February 1859.

To interrogatories exhibited by the plaintiff, the garnishees severally responded, denying that they had any goods or chattels in their hands belonging to the defendant, Josiah Fields, or that they were in any way indebted to him.

The plea of *nulla bona* was also entered by them severally, to which the plaintiff replied, that, "the said garnishees have goods and chattels in their hands belonging to the defendant; and that they and each of them owed and were indebted to the said Josiah Fields, large sums of money at the time of the service of the attachment;" and on the issue thus made up, the parties went to trial.

On the trial the plaintiff, after giving in evidence the original judgment and the attachment, proved that Josiah Fields was in the lumber business at Jaysburg, and that he had sawed for Mrs. Ellis 409,510 feet of lumber, at $6 per thousand feet, in the years 1857–58, which was shipped to market in her name, and the proceeds delivered to her.

[Fessler *v.* Ellis *et al.*]

The plaintiff having thus closed, and the defendant having offered no evidence, the court below instructed the jury that the plaintiff had failed to make out his case, and that they should therefore render their verdict for the defendant.

There was a verdict and judgment accordingly; whereupon the plaintiff sued out this writ, and assigned for error here the instruction given by the court to the jury as above stated.

*G. W. Youngman*, for plaintiff, argued that having proved an indebtedness of $2457 from Mrs. Ellis to Josiah Fields, it was incumbent on her to render an account, or show payment in some way, and that the court erred in directing a verdict for the defendants.

*A. J. Dietrick* and *Henry C. Parsons*, with whom were *Lloyd & Wingard*, for defendants, contended that in case of an execution-attachment, the only question for the jury is, whether at the time the attachment was served, or since, the garnishee had or has any money or effects belonging to the defendant. The proof must be brought down to the time of the service. This is what the jury must find: 1 T. & H. Pr. 758; Hampton *v.* Mathews, 2 Harris 106. The interrogatories are not "were you not some time ago," but "are you not now," and "were you not at the service of the writ, indebted," &c. The language of the Act of June 13th 1836 is, "from and after the service of the writ all debts, &c., shall remain attached." The plaintiff must show indebtedness at the time of the service; if not, a verdict might be had for money paid by the garnishee years before.

In this case there was no evidence of indebtedness to Fields, except in 1857 or 1858, a year before the service of the writ on Mrs. Ellis, there is no presumption that it was unpaid; the presumption is the other way.

The plaintiff, who was bound, under the issue, to prove indebtedness at the time of service or since, contented himself with proving that there was work done by the defendant for the garnishees, and thus failed to make out his case.

The opinion of the court was delivered, October 31st 1861, by
WOODWARD, J.—By means of his attachment the plaintiff assumed the position, and acquired the rights of Fields, the debtor, so far as concerned the relation of the latter to Mrs. Ellis. If Fields had a right of action against Mrs. Ellis for the $2457, which he had earned by sawing lumber for her, Fessler acquired that right to the extent of his judgment against Fields. He was as well entitled to call on Mrs. Ellis to pay him the amount of his judgment, as Fields was to call on her to pay the whole of her apparent indebtedness.

[Fessler *v.* Ellis *et al.*]

True it is, that, under the Act of Assembly, Mrs. Ellis, as garnishee, was liable only for moneys in her hands belonging to Fields at the time Fessler laid his attachment, the 4th February 1859. But suppose, instead of Fessler's attachment, Fields had brought suit against her as of that date, had shown the manufacture of the lumber for her in the years 1856–7, 8 and 9, to an amount exceeding $2000, and she had shown no payment, set-off, or defence whatever. Can there be any doubt that Fields would have recovered? Why should he not? The contract and his performance of it were fully proved. The money was earned, and was not shown to have been paid. The necessary *primâ facie* presumption would be that it was still due. And if that presumption would have arisen, on such proofs, in a suit by Fields, the same presumption belongs to his creditor, Fessler, coming in as an attaching creditor. That presumption is, that moneys earned before 4th February 1859, and not shown to have been paid, were due and owing on that day. A debt once proved is presumed to exist till its extinguishment is proved. Even when the remedy for it is barred by the Statute of Limitations, the law does not presume extinguishment of the debt. But here there was no bar of remedies, and no ground laid for a presumption of extinguishment. The necessary conclusion of reason and of law is, therefore, that at the time the attachment was executed, the garnishee had funds in her hands, belonging to the defendant, sufficient to satisfy his debt to the plaintiff. The court erred, therefore, in holding that the plaintiff had failed to make out his case.

The judgment is reversed, and *venire facias de novo* is awarded.

THOMPSON, J., dissented.