# Hays *versus* Lycoming Fire Insurance Company, defendant, and Logan, garnishee.

99 621<br>f196 641

1. A creditor of a mutual fire insurance company reduced his claim to judgment, and issued an attachment execution thereon, wherein a mutual member of the company was summoned as garnishee. Said garnishee was indebted to the company on his premium note for his proportion of losses sustained. The amount of said indebtedness was not, however, at the time, fixed by assessment. Subsequently, the company was dissolved by decree of the court, and a receiver appointed who proceeded to levy an assessment on all the premium notes to meet outstanding liabilities at the time of the dissolution. *Held*, that the attaching creditor by virtue of his attachment was entitled to the amount thus assessed by the receiver on the garnishee.

2. The dissolution of the corporation in the above case did not abate the attachment proceedings, nor did the appointment of the receiver prevent the attaching creditor from prosecuting said proceedings. The action of said receiver in levying an assessment simply fixed the measure or amount of the debt which had been levied on by the attachment.

February 16th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Lycoming county :* Of January Term 1882, No. 315.

Attachment execution, by William H. Hays, plaintiff, against the Lycoming Fire Insurance Company, defendant, and W. F. Logan et al., garnishees.

On October 20th 1880, William H. Hays recovered a judgment against The Lycoming Fire Insurance Company, and in December 1880, an attachment execution was issued on said judgment and served on W. F. Logan, garnishee, who was a mutual member of said company on whose premium notes certain assessments had been levied and remained due and unpaid. The court held that such unpaid assessments were not liable to attachment execution. On writ of error this judgment was reversed, and a procedendo awarded. (See Hays v. Lycoming Fire Ins. Co., 2 Out. 184.)

On October 8th 1881, The Lycoming Fire Insurance Company was dissolved by a decree of the Court of Common Pleas

of Lycoming county and a receiver was appointed.    On November 4th the receiver made report to the court showing total assets (consisting almost wholly of premium notes and unpaid assessments), $1,060,690.54; and liabilities (almost entirely for losses by fire which had occurred prior to his appointment), $362,042.81.   The court thereupon directed the receiver to levy an additional assessment on premium notes, to meet these liabilities, which was accordingly levied by him, November 12th 1881.

The plaintiff, Hays, subsequently filed supplemental interrogatories, to which the garnishee, Logan, answered that the receiver's assessment on his premium notes was $96, which he was willing to pay to whomsoever is entitled thereto.

The receiver thereupon obtained leave of the court to intervene as a party defendant, and filed a plea "that the plaintiff cannot maintain his suit execution attachment, and is not entitled to judgment against W. F. Logan, garnishee, for the amount of said assessment so levied by him."   The garnishee joined in said plea.

The case was, by agreement, tried before CUMMIN, P. J., without a jury.

The plaintiff submitted, inter alia, the following point :

3. That said garnishee became liable upon his premium notes when losses by fire occurred, and this attachment covers the assessments levied by the receiver against the premium notes of the garnishee for his proportion of such losses. Refused.

The court found the facts to be as above set forth and held, as matter of law, inter alia, as follows :

" By virtue of his appointment the receiver is possessed of all the assets of the dissolved corporation.    The possession of the receiver is the possession of the court appointing him.   All the assets are in the custody of the law for the benefit of whomsoever may be ultimately determined to be entitled to them. The parties entitled to the assets of a dissolved corporation must be ascertained by the court having custody of the same, or at least by its consent, and in the meantime the assets cannot be seized or distributed by process from any other court.    The appointment of a receiver does not operate to derange the priority or affect the validity of legal or equitable liens or rights lawfully acquired and in existence at the time of his appointment.    As the receiver of a corporation succeeds to the estate of and derives his title through the court from the corporation, he is bound by all its lawful and authorized acts done before the receivership, and he will not be allowed to disaffirm or set them aside. So where receivers are appointed over an insolvent corporation, they are not liable to garnishee process, since the

[Hays *v.* Lycoming Fire Ins. Co.]

property, which they hold is entrusted to them, not by the Act of the party, but by operation of law. The court of equity being the actual custodian of the property or fund in litigation, it will not yield its jurisdiction to a court of law and permit the right of property to be there tried. In other words, since the receiver's possession is that of the court, it will not permit itself to become a suitor in another forum concerning the property in question. And an additional reason for holding the receiver not subject to garnishment is, that such liability would tend to a conflict of jurisdiction, and would also defeat the very ends for which he was appointed.

"I am of opinion that under our statutes all actions pending at the date of the dissolution of an insurance company must abate. That when a master or auditor is appointed to make distribution in the court having custody of the assets and of the receiver, it will be the duty of all parties claiming any portion or interest therein to present their claims, and they will then be entitled to distribution as of the date of the dissolution of the corporation. The rights of creditors and claimants must be adjudicated in the court having possession of the funds for distribution, and in the same proceeding whereby the court acquired such possession. If in such distribution questions of fact arise which should be determined by a jury, they can readily be sent to court for such trial. Whoever had a right of action against the corporation on the day and before it was dissolved will have precisely the same rights on distribution before the master or auditor.

"And now February 21st 1882, it is ordered that judgment be entered in favor of the garnishee."

Exceptions filed by the plaintiff to the refusal of the court to affirm his third point, and to the rulings of the court as set forth in the above opinion, were dismissed by the court, whereupon the plaintiff took this writ of error, assigning for error the dismissal of his exceptions, and the judgment in favor of the garnishee.

*C. La Rue Munson* (*Addison Candor* with him), for the plaintiff in error.—The attachment was served before the dissolution of the company, and it bound the debt then due by the garnishee. This debt consisted of his proportionate liability on his premium note for losses by fire which had theretofore occurred. It was immaterial that such proportion of indebtedness had not at that time been ascertained and assessments levied therefor. The debt was due in presenti, though payable in futuro. Such a debt is subject to attachment: Walker *v.* Gibbs, 2 Dallas, 211; Fulweiler *v.* Hughes, 5 Harris 440; Kieffer *v.* Ehler, 6 Harris 388; Franklin Fire Ins. Co. *v.* West,

[Hays *v.* Lycoming Fire Ins. Co.]

8 W. & S. 350; Girard Fire Ins. Co. *v.* Field, 9 Wright 129. It is immaterial whether such assessments be made by the directors, before the dissolution of the company, or by the receiver afterwards. The attachment had fastened itself on the debt, and neither the company nor the receiver could by a mere process of liquidation affect the plaintiff's lien. There was no question of the assets being in custody of the law, for the premium notes of the garnishee came into the receiver's custody subject to the attachment and were assets of the company only after payment of that lien: Merchant's Bank *v.* Petersburg R. R. Co., 4 W. N. C. 264; In re North Amer. Gutta Percha Co., 17 How. Pr. 549; Rich *v.* Loutrel,· 18 Id. 121; High on Receivers, § 138; Hubbard *v.* Hamilton Bank, 7 Met. 340.

*H. W. Watson* (with him, *J. J. Metzger* and *H. C. McCormick*), for the receiver and the garnishee.—The premium note of a member of a mutual insurance company is not an absolute liability immediately on the happening of a fire, but is a mere security for the payment of a pro rata share of such loss when ascertained by assessment: Wilson *v.* Trumbull Mutual Fire Insurance Company, 7 Harris 372. Until assessment there is no debt, and no action could be maintained on the note: hence, until assessment, it is not the subject of attachment: Savage *v.* Medbury, 19 N. Y. 32; Hays *v.* Lycoming Fire Insurance Company, 2 Out. 184. The principle that an attachment will bind money of defendant coming into the garnishee's possession after the service of the attachment, does not apply, because, at the time the receiver's assessment was levied, whereby the garnishee became indebted, the assets of the company were in the custody of the law, and therefore not subject to the attachment. The rights of creditors were fixed at the time of the dissolution, and the receiver's duty was to collect and distribute the assets: Dean & Son's Appeal, 2 Out. 101. Otherwise an attachment of all the premium notes of the company by a single judgment creditor of the company would compel the receiver to stand by powerless, until the issues raised by the several garnishees were determined in other courts: Devisser *v.* Blackstone, 6 Blatchford 235.

Mr. Justice TRUNKEY delivered the opinion of the court, May 22d 1882.

It has already been determined that the plaintiff's judgment is not upon the claim of a member of the company; that, as to persons insured for cash premiums, the premium-notes of its members, held by the company, are its capital stock; and that the plaintiff is entitled to an execution attachment against un-

paid assessments, levied on the premium notes of its members, in order to collect his judgment: Hays *v.* Lycoming Fire Insurance Company, 2 Out. 184. The question now presented is, whether assessments on the premium notes of the garnishee, made during the pendency of the attachment suit by the receiver of the company, are bound by the attachment. It can hardly be denied, that if so bound, the plaintiff is entitled to recover and collect the money from the garnishee. If by virtue of the writ of attachment, he is entitled to the debt attached, neither the company defendant, if still in being, nor the receiver, if the company has been dissolved, can collect the money for him against his will. A receiver has no right to property of the defendant which was taken in execution before his appointment. This proceeding was pending at the time and before the civil death of the company. It is by no means the case of an execution, or an attachment, issued and levied after the appointment of the receiver.

The garnishee gave his notes to the defendant, to be paid in such portions and at such times as the directors may, agreeably to the act of incorporation, require. The losses by fire occurred, and this judgment for one of said losses was obtained prior to the proceedings for dissolution of the company. Before its dissolution, the garnishee became indebted on his premium notes for the proportionate sum necessary for payment of said losses, and nothing remained to be done, except to ascertain the proper amount of his indebtedness, prior to his liability to an action to enforce payment. The writ of attachment was issued and served before the dissolution of the company, and the debt owing to the defendant by the garnishee became bound by it. After the receiver was appointed by order of the court, he ascertained the measure or amount of the debt which had been levied upon by the attachment of the plaintiff.

A garnishee is liable for money belonging to the defendant in the attachment which is received by him after service of the writ: Sheetz *v.* Hobensack, 20 Pa. St. 412. When the defendant is a corporation, and has been dissolved, and a receiver appointed, the case would be different with respect to money so received after the dissolution. But if a debt was attached before the dissolution and appointment, though not due, it will be held as if due, the garnishee having the right to withhold payment till it becomes due ; and if the debt was subject to a condition, he may hold the money until the performance of the condition. In such cases, an existing debt is attached, though not presently due, or some action is necessary to ascertain its amount.

The liability of a member of a mutual insurance company on his premium note is not absolute for payment of its whole amount, but is conditional, and depends upon the contingency

3 OUTERBRIDGE.—40

of the happening of losses and expenses, to which he shall be liable to contribute, which have been duly ascertained by the directors, and which make necessary a resort to an assessment thereon. It is a credit given for a part of the consideration of the contract. The promise of the insured is to pay upon such conditions, and the existence of the conditions must be established officially before a call for the payment of the note or any part thereof can be enforced : May on Ins. § 557. The assessments, in pursuance of the contract, fix the amount the insured shall pay on his note. He may be liable for the whole of it. How much, depends upon the losses and expenses for which he is bound to contribute, to be ascertained by the directors of the company, or, if it has been dissolved, by the receiver. The debt owing by the garnishee was attached, its amount has been ascertained by the assessments, and the plaintiff's third point should have been affirmed, namely, the garnishee became liable upon his premium notes when losses by fire occurred, and this attachment covers assessments levied by the receiver on said notes for his proportion of the losses.

In some respects an execution attachment differs from a foreign attachment. Primarily, the latter is to compel an appearance, to obtain judgment against the defendant, and should judgment be obtained by default, the defendant afterwards may appear and disprove the debt. But an execution attachment is for collection of a judgment already obtained. By this writ, debts owing to the defendant " may be attached and levied in satisfaction of the judgment, in the manner allowed in the case of a foreign attachment." It is none the less an execution, because the manner of proceeding is prescribed, in which the garnishee may have an issue and trial for adjudication of the question of his indebtedness. The defendant may, if he can, show that the judgment has been paid, or that the thing attached is not liable to be taken in execution, but he cannot disprove the debt or impeach the judgment. That stands till satisfied. If the judgment be against a natural person, and he die, or against a corporation, and it be dissolved, it remains, and property which had been seized in execution before the death or dissolution, may be held against the administrator or receiver. Judgment cannot be rendered against the dead. The civil death of a corporation before judgment in a foreign attachment against it, dissolves the attachment, and the garnishee may take advantage of this by pleading it, notwithstanding judgment had been entered of record after such death for default of appearance : Farmers' & Mechanics' Bank *v.* Little, 8 W. & S. 207. But where judgment was obtained against a living corporation, an attachment execution issued thereon and served before dissolution of the corporation will not be set aside. The action against

[Taggart's Appeal.]

the garnishee does not abate, and 'the receiver may show just what the corporation could show, if not dissolved, for the purpose of defeating the attachment.

> Judgment reversed, and judgment is now rendered for the plaintiff, for ninety-six dollars, due to the defendant by the garnishee, and attached in his hands; and if the garnishee neglect or refuse to pay the same on demand by the sheriff, then the same, with costs upon his writ, to be levied of the goods and lands of the garnishee, as in case of a judgment for his proper debt, and that the garnishee be thereupon discharged as against the defendant, as to the sum so attached and levied.