Philip Jagode, trading as Philip Jagode & Co., Appellant, v. John Smalley, Receiver of The Eastlake Woolen Company.

*Foreign attachment—Stock subscriptions payable under conditions of insolvency.*

Stock assessments assessable only in event of the insolvency of the company are not such debts, due by the stockholders to the company prior to a decree of insolvency and appointment of a receiver and assessment by him, as are liable to attachment by creditors of the company under proceedings in foreign attachment. The act of the garnishee in voluntarily paying the money into court does not change the status of the obligation. Neither does the fact that the company is a foreign corporation and that the receiver has been appointed by a court of another state affect the question.

Argued Dec. 14, 1898. Appeal, No. 177, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T.,

1895, No. 104, on case stated.    Before Rice, P. J., Orlady, Smith, W. W. Porter and W. D. Porter, JJ.    Affirmed. Opinion by W. W. Porter, J.

Case stated.    Before the court in banc.

It appears from the case stated that plaintiff issued a foreign attachment against the Eastlake Woolen Company attaching William C. Houston, Jr., and William H. Kirkpatrick, garnishees, which attachment was so proceeded in that on November 16, 1896, plaintiff obtained judgment against defendant for want of an appearance, and damages were assessed upon the same at $1,528.10.    After the service of the attachments upon the garnishees, John Smalley, receiver of the Eastlake Woolen Company, defendant, notified garnishees that he claimed the moneys in their hands owing to the defendant company.    On August 14, 1897, the garnishees obtained rules to show cause why the plaintiff and John Smalley, receiver, should not interplead; these rules were made absolute and on September 24, each of the garnishees paid into court the sum of $250.    Plaintiff's claim was founded on a promissory note dated July 8, 1895, at four months.    Defendant is a New Jersey corporation. In the certificate of incorporation of the said company, bearing date September 15, 1885, it is provided as follows :

" The common or general stock shall not be liable to assessment by the company or board of directors thereof, or other authority of the company, but shall be assessable only in the event of the insolvency of the company and upon the legal demand of outside creditors."

On December 2, 1895, upon bill filed in the court of chancery of New Jersey, the defendant company was declared to be insolvent and John Smalley appointed receiver with full power, and on December 16, 1896, the court of chancery in the said proceedings made an order authorizing, empowering and directing the said receiver to demand of William C. Houston, Jr., and others, severally, the whole amount due from them respectively as stockholders, as aforesaid, and enforce such payment by suit, and then apply the moneys recovered to the payment of the just debts of the company under the direction of the court.    No receiver of said corporation was appointed in the state of Pennsylvania.

The court below entered judgment on the case stated in favor of defendant, John Smalley, receiver of the Eastlake Woolen Company. Plaintiff appealed.

*Error assigned* was entry of judgment on the case stated in favor of defendant.

*H. S. P. Nicholls*, with him *Joseph deF. Junkin*, for appellant. —The appointment of a receiver three weeks afterwards by the court of New Jersey was simply confirmatory of the fact, but did not constitute the first legal ascertainment thereof; the nonpayment of plaintiff's note did.

This is well-settled law, and the principle is succinctly stated in the following case: Buchanan v. Smith, 83 U. S. 277, 308.

A case very similar to this was that of Bagby v. Railroad Co., 86 Pa. 291.

This is the only case found upon this subject in our state reports, but this same doctrine of protection to the citizens of the state as against outside receivers has been laid down and generally followed elsewhere, as will be seen by reference to the cases from other states: High on Receivers, sec. 47; Sands v. Greeley & Co., 88 Fed. Rep. 130.

A careful consideration of the whole case has suggested but one possible reason which could have influenced the court below in arriving at the conclusion given by it, and that is, that it attempted to apply to this case the general doctrine laid down in Lane's Appeal, 105 Pa. 49, and similar cases, that the subscribed capital of a corporation is a trust fund for the payment of creditors when the company becomes insolvent; and that, consequently, this receiver was a trustee for this fund, which could only be distributed through him.

The general doctrine is unquestionably sound and founded upon proper principles and is now well established. No quarrel is had with it, but its application here is wholly mistaken, and for the reason that a careful study of this line of decisions will disclose the fact that the doctrine arose and has been developed to protect the stockholders, not the creditors. This is clearly said by Mr. Justice GREEN in Lane's Appeal, 105 Pa. 49.

*Charles E. Morgan, Jr.*, for appellee.—The case of Lane's Appeal, 105 Pa. 49, is decisive in this case.

See also Cushing v. Perot, 175 Pa. 66. In that case the liability of a stockholder sought to be enforced was not for the payment of the value of his stock, but a personal statutory liability for the debts of the corporation imposed upon all stockholders thereof.

The fact that the appellee is a receiver of a New Jersey corporation, appointed by the court of chancery of New Jersey, has no bearing upon the question presented by the case stated. That a foreign receiver will be recognized in our own courts in all cases where the rights of domestic creditors are not thereby prejudiced, is well settled. See Bagby v. Atlantic R. R. Co., 86 Pa. 291, and Sands v. Greeley, 88 Fed. Rep. 130.

Opinion by William W. Porter, J., May 18, 1899:

The garnishees were stockholders of the defendant company. There remained on the subscription of each an unpaid balance of $250. By the articles of incorporation of the company it was provided that "the common or general stock shall not be liable to assessment by the company or board of directors thereof or other authority of the company, but shall be assessable only in the event of insolvency of the company and upon the legal demand of outside creditors." It is conceded by the appellee that the foreign attachments, issued by the appellants, were in date prior to the appointment of the appellee as receiver for the Eastlake Woolen Company, and that if the liability of the garnishees was a debt to the company at the time the attachments were issued, and as such subject to attachment under the laws of the state of Pennsylvania, the judgment should have been entered for the appellant. This narrows the subject of inquiry materially.

Under the conditions imposed by the terms of subscription the unpaid portion thereof was not due and therefore not attachable unless the company was legally insolvent at the time of the service of the writs. It is claimed that the company was insolvent because its notes (upon which the plaintiff's claim was founded) had already gone to protest. This was evidence of insolvency but it was not such an ascertainment of the fact of insolvency as the terms of the charter contemplated. These required that the insolvency should be legally determined by a court of competent jurisdiction. This was done by the court of

chancery of New Jersey on December 2, 1895. The insolv,
therefore was not ascertained until after the levy of the wri.,
and by the same judicial act the unpaid subscriptions became
payable, not to the company, but to a receiver whose duty it was
to collect and apply them, with the other funds in his hands, to
the payment of the debts of the company generally. In this
view of the case the unpaid subscriptions were never, under the
contract of subscription, debts due the company which might be
seized by attachment.

There was however, a further condition precedent to liability
for unpaid subscriptions by the articles of incorporation, namely,
that the liability should be imposed by "assessment." This as-
sessment could not be made "by the company, board of directors
thereof or other authority of the company." It was made pos-
sible only in case of insolvency and on the "legal demand of
outside creditors." Granting that the insolvency existed, it was
not in the power of attaching creditors to "assess" the partic-
ular stockholders. It required the direction of the court to the
receiver based on "the legal demand of outside creditors" to
make the "assessment" contemplated by the articles of incor-
poration. This act of assessment did not make the unpaid sub-
scriptions debts due "the company", but to the receiver by
whom they were to be administered as part of the trust funds
held for all the creditors alike. The creation of the indebted-
ness was simultaneous with its appropriation to this use. This
marks a clear distinction between this case and Hays v. Fire
Ins. Co., 99 Pa. 621, cited by the appellant where the debt was
due when attached but not ascertained in amount. All that
has been said is sustained by the elaborate opinion of Mr. Jus-
tice GREEN in Lane's Appeal, 105 Pa. 49.

The act of the garnishees in voluntarily paying the money
into court does not change the status of their obligation as re-
spects the creditors of the company. To hold otherwise would
be to put it into the power of certain stockholders to prefer by
their act particular creditors of the company to the detriment
of the trust fund for the creditors generally. Neither does the
fact that the company is a foreign corporation and that the re-
ceiver has been appointed by a court of another state affect the
question before us. Such appointment will be recognized by
our courts upon the doctrine of comity to which our state courts

lend their aid when not in conflict with the rights of our own citizens : Bagby v. Atlantic R. R. Co., 86 Pa. 291.

By the recognition of the appointment of the receiver by the court of New Jersey no rights of the attaching creditors are prejudiced in this case. There was no liability fixed upon the garnishees until the imposition of the assessment by the court of New Jersey. By this judicial act the debt became due to the receiver and not to the company. The attaching creditor had therefore acquired no prior right which will be prejudiced by payment to the receiver.

The judgment is therefore affirmed.