In re WHITE.

FROEHLING et al. v. AMERICAN TRUST & SAVINGS BANK.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1910.)

No. 1,595.

1. BANKRUPTCY (§ 326*)—JURISDICTION OF COURT—"CONSENT."
    Where a creditor of a bankrupt, who was also a debtor, on filing his claim, sought to set off his own indebtedness as a credit thereon, and went to trial on such issue, he thereby gave his "consent," within the meaning of Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), that the court of bankruptcy should determine the amount due from him and enter judgment therefor on the disallowance of the set-off claimed.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 326.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1437–1441; vol. 8, p. 7612.]

2. BANKRUPTCY (§ 326*)—CLAIMS AGAINST ESTATE—RIGHT TO SET-OFF.
    Where the creditors of an insolvent corporation took charge of its business and property through a committee, and such committee with their consent sold a portion of the property to one of their number, in part on credit, within four months prior to the adjudication of the corporation as a bankrupt, the court properly refused to set off the amount due from the purchasing creditor as a credit on his claim against the estate, on the ground that such allowance would result in giving him a preference.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 326.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Burton F. White, a corporation, bankrupt. From an order of the District Court, Frank Froehling and George Heppe, partners as Froehling & Heppe, appeal. Affirmed.

Burton F. White, the bankrupt, is a corporation, organized under the laws of Illinois to engage in the restaurant and catering business. Its corporate affairs and business were conducted by a Board of Directors, consisting of three members. It operated and owned restaurants at number 92 East Washington Street; number 124 East Adams Street, known as the Lakeside Restaurant; number 153 La Salle Street; and number 567 North Clark Street; all in the city of Chicago. On October 27, 1907, on the petition of certain creditors, it was declared a bankrupt.

As early as the first of April preceding, the corporation became insolvent, going into the hands of an advisory committee of five representatives of the larger creditors; three of this committee becoming directors of the corporation upon the resignation of the old directors. One of these three directors was appellant Froehling, a member of the firm of Froehling & Heppe, appellants.

Within the next three months all the restaurants were disposed of by the corporation, through these directors, except the one at number 124 East Adams Street, which, on the 17th of August, 1907, was sold at the price of $17,000 ($2,500 in cash, the remainder to be paid on or before December 18, 1907) to Froehling & Heppe, the sanction of the creditors having been obtained. Froehling resigned as director just before the sale.

The amount of appellants' claim, as creditors of the Burton F. White company, in existence at the time of the purchase of the above mentioned restaurant, was $28,797.41. Between the purchase and the time of filing their claim, appellants claim that they paid off $3,552.08, and that there was still outstanding and unpaid $2,951.58, on account of wage claims, liens, repairs, and other matters connected with the restaurant; leaving remaining upon the original purchase price $7,996.34, which, on the filing of their claim against the estate, April 30, 1908, they sought to set off as so much paid upon the $28,797.41; and it is from the decree of the District Court refusing them this set-off, in the way of payment; allowing their claim as an unsecured claim for the full $28,797.41, and holding them debtors to the bankrupt's estate for $10,753.53, as still unpaid upon the purchase price of the restaurant, that this appeal is prosecuted. Further facts are stated in the opinion.

Frank L. Cheney, for appellants.

Clarence J. Silbur, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above), delivered the opinion.

1. Error is assigned that the District Court did not have jurisdiction to determine the amount due from appellants to the bankrupt's estate under the purchase contract of August 17, 1907, and to enter judgment and order execution thereon. This assignment is based on section 23, subsection b, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), as follows:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e"

—the argument being that the facts stated do not constitute "consent" of the appellants within the meaning of the section.

This assignment of error is not well taken. Had appellants filed their claim for the total amount, leaving the bankrupt's estate to pursue them as debtors of the estate for the purchase price, there would have been no consent that such proceeding should be brought in any other Court than had jurisdiction provided there "had been no bankruptcy proceedings." But the appellants chose, not only to file their claim in the bankruptcy Court, but to ask the Court to credit, as payment pro tanto, the amount of the purchase price. This raised the question whether appellants were entitled to such credit—an issue distinctly put forward by the trustee in bankruptcy in the objections filed, setting forth in detail the facts out of which the purchase, by appellants, of the restaurant arose. And issue thus joined, appellants chose to press to judgment in the bankruptcy Court the claim made. These being the facts, the appellants were thereby put in a position, in our judgment, where they were called upon to elect, either to withdraw the claim with the credit attached, presenting it as a simple claim against the estate without reference to the purchase money, or consent that the Court, that was thus called upon to settle the rightfulness of the set-off, should have jurisdiction to make effective the judgment that would follow.

2. The remaining assignment of error that we deem it necessary to discuss, is in the finding of the District Court that the allowance of the credit claimed would constitute a preference. Section 60, subd. a, of the Bankruptcy Act, provides as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication. * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

The transaction, it seems to us, must be one of these two alternatives: (a) that the estate of the bankrupt, in April preceding the adjudication of bankruptcy, was taken by the committee of creditors, who thereafter became directors (appellant Froehling included), as a trust estate for the creditors, to be disposed of and distributed ratably among the creditors—the circumstance that one of the restaurants was sold to appellants not making this feature of the transaction any different from the sale of the other restaurants—from which it follows that, by their contract of purchase, appellants are prohibited from using the remainder of the purchase price as a credit or set-off that would have the effect, to that extent, of paying their claim in full; or (b) the bankrupt was insolvent at the time of the transfer of the restaurant to appellants; the then directors of the Burton White company knew it was so insolvent, and knew that the effect of the transaction (assuming that they did not rely upon the feature above set forth) would result in a preference to appellants; appellants knowing, also, through Froehling, one of the members of the partnership, that the bankrupt was then insolvent, and that the effect would be to give them a preference; thereby, the transaction having occurred within four months

before the adjudication of bankruptcy, fastening upon the transaction the status of a preference, within the meaning of the foregoing section.

This view of the case makes it unnecessary to discuss the other assignments of error, the principal one of which relates to what character of claims can be set off against each other; for it is not because the claims might, within the purview of the bankruptcy law (other considerations laid aside) be set off the one against the other, but because, under the state of facts disclosed, to so set them off would be either to run counter to the contract between the parties, or to give the appellants a preference, that the decree below disallowed to set off. Upon the grounds stated, that order, we think, is without error.

The order appealed from is affirmed.