# North Shore Railroad Company *v.* Pennsylvania Company.

*Attachment execution—Service of two writs—Priority of lien.*

Where two judgment creditors of the same debtor issue separate writs of attachment execution on the same day, and one is served on the garnishee on the day of the issue, and the other on the day after, the writ which is served first has priority of lien on the fund in the hands of the garnishee.

The lien of a writ of attachment execution upon the property of a debtor in the hands of the garnishee, has its origin in the service of the writ.

Argued April 16, 1918.    Appeal, No. 34, April T., 1918, by Allegheny Trust Company, from judgment of C. P. Beaver Co., for M. J. Park on case stated.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Case stated to determine priority of lien of two writs of attachment execution.

The case stated set forth that the execution of M. J. Park and the Allegheny Trust Company were issued and placed in the hands of the sheriff the same day, April 13, 1914, respectively.    The exact difference in point of time between the issuance of said writs was not stated.

The writ of M. J. Park was served by the sheriff on the garnishee, the Pennsylvania Company, on April 13, 1914, and on the following day, April 14th, the sheriff served the same on the defendant in the attachment, to

406 NORTH SHORE R. R. CO. *v.* PENNSYLVANIA CO.

Statement of Facts—Opinion of the Court. [70 Pa. Superior Ct.

the North Shore Railroad Company. On April 14, 1914, the sheriff served the writ of the Allegheny Trust Company on both garnishee and defendant.

The court in an opinion by BALDWIN, P. J., entered judgment for M. J. Park.

*Error assigned* was the judgment of the court.

*James L. Hogan,* with him *Charles W. Dahlinger,* for appellant.

*Wm. A. McConnel,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

The appellant and appellee were judgment creditors of the same debtor. On a certain day each one of them caused an attachment execution to be issued, naming in the writ a common garnishee. In the case stated, upon which the judgment of the court below was entered, it appears the writ of attachment issued by the appellee was served on the garnishee on the 13th of April, 1914. The writ issued by the appellant was not served until the 14th day of April, 1914. The fund, the subject of this contention, was created by the sale or conversion of the goods of the common debtor in the hands of the garnishee. If the lien upon that property, and therefore upon the fund produced from it, arose upon the service of the writ of attachment on the garnishee, and only then, it must be apparent the judgment of the court below was right in awarding the fund to the attaching creditor, whose writ was first served.

It is contended on the other hand, that, because both of the writs were lodged in the hands of the sheriff on the same day, there should be no priority between them and they should prorate in a distribution of the fund. This position we regard as untenable. The peculiar nature of the writ of attachment sur judgment is perfectly well understood by the profession. As to the de-

fendant, it is a writ of execution pure and simple because he has had his day in court and judgment has gone against him. As to the garnishee personally, who was a stranger to the proceeding resulting in the judgment, it is but an original writ of summons requiring him to appear and answer, etc. But as to the property of the debtor in his hands at the time of the service of the writ, it is also a writ of attachment which grasps the property of the debtor and thereafter holds it for the use of the attaching creditor subject only to such separate rights as the garnishee himself may have in the debt or property attached. If then we were to reason, from the nature of the writ, from the purpose to be effectuated by its use and the language of the statute authorizing it, we would reach the conclusion that the lien upon the property of the debtor in the hands of the garnishee had its origin in the service of the writ. As a consequence, in the case of successive writs, each one would have priority over the one next served.

If authority be needed to support this conclusion it will be found in Baldwin's App., 86 Pa. 483. The whole question is there briefly and clearly considered in the opinion of Mr. Justice GORDON. A single excerpt from it will be sufficient to illustrate our judgment on the question. "It is, then, obvious that the act just recited (Act of June 16, 1836) can have no bearing upon the writ called 'attachment-execution,' since it is not such an execution as does now, or ever did, bind the defendant's goods from its teste, or even from the time it came into the sheriff's hands, but only from the time of service upon the garnishee or levy upon the goods themselves."

We are all of opinion the learned court below, in the consideration of the case, reached a correct conclusion in entering judgment in favor of the appellee.

The judgment is affirmed.