## Industrial Loan Corporation v. Thomashunas et al.

G. L. Fenner, for plaintiff; W. L. Pace, for defendant.
Evan C. Jones, for garnishee.

COUGHLIN, J., October 12, 1931.—Plaintiff issued attachment executions against defendants aforesaid on April 27, 1931, which, with interrogatories and rules on garnishees, were placed the same day in the hands of the Sheriff of Luzerne County for service.

After answers filed, rules for judgment were obtained. In the meantime, garnishees paid into court a fund, being moneys of execution defendants, and sought distribution by the court among several attaching creditors.

After the costs and legal counsel fees are deducted and paid, the claims on said fund should be paid in the following order or priority:

1. To the First National Bank of Pittston the balance on mortgage held against property insured and out of which insurance arises the fund before us for distribution. The amount thereof is approximately $1293.50, with interest from May 11, 1931, plus the satisfaction fee of fifty cents.

2. To Sam Stern, on judgment No. 1000, May Term, 1931, the amount thereof being $350.

The two following claims (referred to hereinafter as items three and four) shall share pro rata the balance of the fund to the extent of said obligations. Said items are as follows:

3. The Industrial Loan Corporation attachments upon two judgments amounting to approximately $601.86.

4. The attachment execution upon judgment No. 360, July Term, 1931, amounting to approximately $300, plus interest.

The only question involved herein is whether the aforesaid third and fourth attachments should be prorated or paid in the order set forth above. We believe they should be prorated, and so direct for the reasons hereinafter set forth.

In the third aforesaid item the attachments issued April 27, 1931, while in the fourth item the attachment issued April 30, 1931. Each attachment and accompanying interrogatories were placed in the hands of the sheriff for service upon their respective dates of issue. The insurance commissioner accepted service on each on the same day, to wit, May 1, 1931. This service stands uncontradicted.

It is well settled in foreign attachments that there is no priority between writs served on the same day: Baldwin's Appeal, 86 Pa. 483. The manner of the service of the writ is set forth under section thirty-six of the Act of June 16, 1836, P. L. 755, and section 210 of the Act of May 17, 1921, P. L. 789, as reënacted by section two of the Act of April 27, 1927, P. L. 476. The lien of the writ has its origin in the service thereof. It has been held where two judgment creditors of the same debtor issue separate writs of attachment execution on the same day, and one is served on the garnishee on the day of the issue, and the other on the day after, the writ served first has priority: North Shore R. R. Co. *v.* Pennsylvania Co., 70 Pa. Superior Ct. 405. Thus the time of service and not the time of issue of the writ governs.

In the case at bar, it appears that writ (item three, supra), was sent by the Sheriff of Luzerne County to the Insurance Department at Harrisburg on April 27th, but because the correct number of copies were not sent the papers were returned. They were corrected and sent again with the writ of April 30th (item four, supra). The Insurance Department accepted service and so noted on the writs, dating the same May 1, 1931. We can only hold service made as of that date, and, therefore, these items, three and four, must share pro rata.

The fund in the hands of the prothonotary in the above stated case, in accordance with the above opinion, is directed to be distributed:

1. To the First National Bank of Pittston to the amount of its claim.

2. To the judgment of Sam Stern to the amount of his claim.

3. The balance prorated among the remaining attaching creditors, to wit, the Industrial Loan Corporation and attachment creditor to No. 360, July Term, 1931.

From Frank P. Slattery, Wilkes-Barre, Pa.