## In re BOYLAN.

### Claim of ASHBRIDGE.

#### No. 22517.

District Court, E. D. Pennsylvania.
March 20, 1946.

Charles V. Linshaw, of Philadelphia, Pa., for trustee.

Joseph F. VanHorn and Frank W. Melvin, both of Philadelphia, Pa., for respondent.

BARD, District Judge.

This matter arises on a petition by the trustee in bankruptcy seeking: (1) To enjoin A. S. Ashbridge, creditor of the bankrupt, from proceeding further in a garnishment action pending in the state court; (2) to enjoin Herman M. Watkins, debtor of the bankrupt, from paying any money to A. S. Ashbridge; and (3) to obtain an order declaring the writs of attachment sur judgment served upon Watkins to be null and void.

In February 1926 A. S. Ashbridge recovered two judgments against Louisa Boylan, the bankrupt, totalling $2753.37 in the Common Pleas Court of Philadelphia County. Writs of attachment execution were issued and served upon Herman M. Watkins in January 1930. The garnishee's answer to the interrogatories admitted a balance due to Louisa Boylan and stated that there was a bill in equity pending in the state courts which would determine the amount due by the garnishee to Louisa Boylan. In July 1930 a decree was filed in the equity action wherein the court found in favor of Louisa Boylan and directed that Watkins pay to her the sum of $7,106.22 within thirty days. This judgment was never satisfied. Ashbridge did not file additional interrogatories, nor did he take any other measures to proceed to judgment against Watkins in the garnishment proceeding.

In May 1945 Louisa Boylan filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on May 28, 1945. The bankrupt listed Ashbridge as an unsecured creditor in the amount of the two 1926 judgments, and listed her judgment against Watkins as the sole substantial asset. Ashbridge filed a proof of claim as an unsecured creditor, setting forth the two judgments obtained in 1926 without mention of the garnishment action brought thereon.

Subsequently, Ashbridge returned to the garnishment proceedings in the Common Pleas Court of Philadelphia and filed a "rule on the garnishee to show cause why additional interrogatories should not be filed by the garnishee [sic]" which was made returnable on October 11, 1945.

Upon petition to this court by the trustee in bankruptcy, the court restrained

Watkins from paying over any moneys and ordered Watkins and Ashbridge to appear before the court to show cause why the relief requested by the trustee should not be granted. This matter is now before the court for determination.

The trustee concedes that Ashbridge, the bankrupt's creditor, obtained a lien upon service of the writs of attachment execution, but contends that this lien was abandoned by reason of his failure for fifteen years to prosecute the attachment to judgment against Watkins. The trustee further contends the judgment was property in the hands of the bankrupt on the date the petition in bankruptcy was filed, and that this Court under the bankruptcy law has summary jurisdiction to determine the validity of the lien and the ownership of the property.

Ashbridge contends that he obtained a lien upon the debt and judgment obtained thereon owed by Watkins to the bankrupt by virtue of the service of the writs of attachment execution, that this lien was obtained more than four months prior to bankruptcy, and that the bankruptcy court, therefore, has no jurisdiction in this matter.

Jurisdiction of the Bankruptcy Court.

Before discussing the specific questions involved, a few relevant principles of Pennsylvania law should be adverted to.

■ Under Pennsylvania law, the lien of a writ of attachment execution upon the property of the debtor in the hands of the garnishee has its origin in the service of the writ and is acquired by service of the writ upon the garnishee or by a levy upon specific property in the garnishee's possession. North Shore R. Co. v. Pennsylvania Co., 70 Pa.Super. 405; LaBarre v. Doney, 53 Pa.Super. 435; Longwell v. Hartwell, 164 Pa. 533, 30 A. 495. Service of the writ binds any existing debt owed by the garnishee to the judgment debtor even though some legal action may be necessary to ascertain the amount of the debt, Hays v. Lycoming Fire Insurance Co., 99 Pa. 621, Welmet Building & Loan Association v. Matchica, 310 Pa. 275, 165 A. 227, and also binds all property belonging to the judgment debtor or money due her which may come into the hands of the garnishee until the time of trial on the attachment proceeding. Frazier v. Berg, 306 Pa. 317, 159 A. 541. The service of the writ of attachment has the effect of an equitable assignment of the thing attached, Reed v. Penrose's Executrix, 36 Pa. 214, Roig v. Tim, 103 Pa. 115, and the judgment creditor is placed in the same position and acquires the same rights as the judgment debtor had at the time of the service of the writ. Fessler v. Ellis, 40 Pa. 248.

■ It is clear, therefore, that, under the law of Pennsylvania, Ashbridge obtained a lien upon the obligation owed by Watkins to the bankrupt and upon the judgment subsequently recovered by the bankrupt when the writ of attachment execution was served upon Watkins in January 1930. But service of the writ, without more, did not transfer ownership of the debt to Ashbridge, nor did it transfer possession of the judgment to the Pennsylvania courts. On the contrary, the effect of service of the writ of attachment execution was to restrain Watkins from paying the amount of the judgment either to his judgment creditor (bankrupt) or to Ashbridge. Ege v. P. & R. Koontz, 3 Pa. 109. Watkins became a stakeholder with a duty imposed upon him to retain possession of the money and to withhold satisfaction of the bankrupt's judgment until judgment was entered in the attachment suit, and thereupon to make payment only in accordance with that judgment. Irwin v. The Pittsburgh & Connellsville R. Co., 43 Pa. 488; Bremer's Sons v. Mohn, 169 Pa. 91, 32 A. 90.

■ Under Sections 2 and 23 of the Bankruptcy Act[1] the bankruptcy court has jurisdiction to determine summarily claims against, title to, and liens upon property in the actual or constructive possession of the bankrupcty court. Murphy v. John Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327; Hebert v. Crawford, 228 U.S. 204, 33 S.Ct. 484, 57 L.Ed. 800; Autin v. Piske, 5 Cir., 24 F.2d 626, certiorari denied 277 U.S. 601, 48 S.Ct. 562, 72 L.Ed. 1009. Under this rule all property in the actual or constructive possession of the bankrupt, in which he claims an interest, passes into the custody of the bankruptcy court upon the filing of the petition in bankruptcy. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct 270, 75 L.Ed. 645. Thus where the bankrupt is, at the time of the filing of the petition, the legal

---

[1] Act of July 1, 1898, c. 541, §§ 2, 23, 30 Stat. 545, 552 as last amended June 22, 1938, c. 575, § 1, 52 Stat. 842, 854, 11 U.S.C.A. §§ 11, 46.

owner of a debt owed the bankrupt or a judgment obtained thereon, this intangible right is in the constructive possession of the bankruptcy court with power in that court to determine summarily the rights of the various claimants thereto. Seligson v. Whitney, 2 Cir., 79 F.2d 88.

Under Pennsylvania law the lien acquired by Ashbridge by service of the writ of attachment did not divest the bankrupt of legal ownership or possession of the judgment but merely operated as an equitable assignment of the judgment and made the garnishee a stakeholder awaiting judicial determination of the garnishment proceeding. Upon filing of the petition in bankruptcy, the bankruptcy court obtained constructive possession of the judgment and has jurisdiction to determine summarily the validity of Ashbridge's claim upon the judgment. In re Marsters, 7 Cir., 101 F.2d 365; Seligson v. Whitney, supra; In re United States Graphite Co., D.C.E.D.Pa., 161 F. 583; In re Baughman, D.C.M.D.Pa., 138 F. 742.

In support of his contention that the bankruptcy court has no jurisdiction in this matter because of the lien obtained by attachment execution, respondent cites Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Clarke v. Larremore, 188 U.S. 486, 23 S.Ct. 363, 47 L.Ed. 555; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. In Clarke v. Larremore, goods and fixtures were levied upon by the sheriff and the proceeds of their sale were in his possession at the time the petition in bankruptcy was filed. It was held that the money in the hands of the sheriff was property belonging to the trustee since the lien created by the levy was obtained within four months prior to bankruptcy. In Straton v. New the creditors had obtained liens upon real property of the bankrupt and, more than four months prior to bankruptcy, had instituted a creditor's suit in the state court to marshall the liens and enforce them by sale of the real estate. The Supreme Court held that the creditor's suit was a proceeding to enforce valid liens not discharged by subsequent bankruptcy, that the state court had obtained jurisdiction over the property, and that the filing of the petition did not oust the jurisdiction of the state court. In Metcalf v. Barker, the Supreme Court held that a judgment obtained within four months of

bankruptcy in enforcement of an otherwise valid pre-existing lien is not invalidated by the Bankruptcy Act which annuls only judgments creating liens obtained within the four months prior to bankruptcy, and that, where the state court had actual possession of the property under the proceedings, the bankruptcy court had no jurisdiction to enjoin determination by the state court of the conflicting claims to property.

These cases do not conflict with the conclusion I have reached herein. In all cases where the summary jurisdiction of the bankruptcy court is in dispute, that court has jurisdiction to determine preliminarily whether or not the property is in the actual or constructive possession of the bankruptcy court. Taubel-Scott-Kitzmiller Co., Inc., v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. If the property is in the actual or constructive possession of an adverse claimant or in the possession of a state court, the bankruptcy court can proceed no further in the summary proceeding and the trustee can either intervene in the pending action in the state court or may bring a plenary suit in a court of appropriate jurisdiction. Harrison v. Chamberlain, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Taubel-Scott-Kitzmiller Co., Inc., v. Fox, supra. However, in the matter before the court, the property was in the constructive possession of the bankruptcy court at the time the petition was filed and this court therefore has jurisdiction to determine summarily the adverse claim of Ashbridge. Isaacs v. Hobbs Tie & Timber Co., supra. This is so whether or not there is a valid existing lien upon the judgment.

There is, in addition, an entirely separate ground upon which the jurisdiction of this court may be sustained. Ashbridge filed a proof of claim as an unsecured creditor in the amount of the two judgments obtained in 1926. By submitting his claim to the bankruptcy court, Ashbridge consented to the jurisdiction of that court to determine any lawful defense which might be interposed by the Trustee. In re Barnett, 2 Cir., 12 F.2d 73, certiorari denied 273 U.S. 699, 47 S.Ct. 94, 71 L.Ed. 846; In re White, 7 Cir., 177 F. 194. The filing of the proof of claim gives this court jurisdiction to determine whether the lien asserted is valid or has been aban-

doned, as the trustee contends, because Ashbridge failed to prosecute the attachment execution to judgment within fifteen years. In re Franklin Garden Apartments, Inc., D.C.E.D.N.Y., 42 F.Supp. 117; In re Fergus Falls Woolen Mills Co., D.C. Minn., 41 F.Supp. 355.

### The Injunction.

Having determined that this court has jurisdiction, I proceed now to the question whether Ashbridge should be enjoined from proceeding further in the state court on the attachment execution. Under Section 2, sub. a(15), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(15), the bankruptcy court is empowered to protect, in a summary manner by injunction, the custody of property which it has acquired. Ex Parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020. The scope of this power is not unlimited and the prosecution of a proceeding in another court should be enjoined only where that proceeding "interferes with the possession or custody of the bankruptcy court or unduly impedes or embarrasses the court in its administration under the Act."[2] In Straton v. New, supra, the Court said, 283 U.S. at page 326, 51 S.Ct. at page 468, 75 L.Ed. 1060: "* * * the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction [sic] to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate." Similarly, where attachments are made which create liens more than four months before the filing of the petition, the subsequent prosecution of the proceeding to judgment and satisfaction will not be enjoined. Gatell v. Millian, 1 Cir., 2 F.2d 365; In re Thompson, 3 Cir., 294 F. 247, 32 A.L.R. 556, certiorari denied 264 U.S. 582, 44 S.Ct. 331, 68 L.Ed. 860.

These principles, however, have no application to the facts of this case and are not controlling herein. In denying the bankruptcy court the power to enjoin proceedings begun prior to bankruptcy having as their objective the satisfaction of a valid existing lien, the cases have assumed, as a prerequisite, that a valid lien exists. Here, the validity of Ashbridge's lien is the very question put in issue by the trustee's petition. I have already determined that this court has jurisdiction to decide that issue summarily. Further prosecution of the attachment execution proceedings in the state court will raise the same question for determination by that court. The issuance of the injunction requested is necessary to protect property in the constructive possession of the bankruptcy court and to protect the jurisdiction of the bankruptcy court to determine the validity of Ashbridge's lien. Therefore, an injunction in accordance with the conclusions set forth above will be granted.

### Validity of the Lien

In addition to the request for an injunction to restrain further prosecution of the attachment execution proceedings, the trustee seeks a declaration by this court that the writs of attachment execution are null and void and that the lien acquired thereby is invalid. The trustee contends that the lien obtained by service of the writs on the garnishee has been abandoned because of the creditor's failure to prosecute the attachment proceeding to judgment for approximately fifteen years prior to the petition in bankruptcy.

The Pennsylvania Act of June 16, 1836,[3] which authorizes attachment of property belonging to the judgment debtor in the possession of a garnishee in satisfaction of the judgment, includes no provision limiting the time within which the judgment creditor shall proceed to judgment. Neely v. Grantham, 58 Pa. 433; Cookson and Waddington v. Turner, 2 Binn. 453; Gemmil v. Butler, 4 Pa. 232. There is little authority to support the proposition advanced by the trustee, although I find dicta in lower court cases to the effect that abandonment of an attachment execution may be implied from delay in prosecution except where satisfactorily explained by plaintiff. See In re Estate of Wilkinson, 30 P.L.J. 401; Watson & Co. v. Christ, 15 Sch.L.R. 292; Lemon v. McCurdy, 47 P.L.J. 343.

In Pennsylvania Co. v. Youngman, 314 Pa. 277, 171 A. 594, plaintiff did not prose-

---

[2] Collier, Bankruptcy, 14th Ed.1940, § 2.61, p. 254.

[3] Act of June 16, 1836, P.L. 755, § 35 et seq., 12 Purd.Stat.Ann. § 2265 et seq.

cute the attachment proceedings to trial for twenty-two years after service of the writ. The property attached was the judgment debtor's contingent interest under a will which did not vest until twenty years after service of the writ. Although the court recognized that the garnishee might have moved to dissolve the writ because of laches, it held that there was satisfactory explanation of the delay and, since plaintiff had offered prima facie proof rebutting the presumption of payment, that a directed verdict for defendant was error.

In Biddle v. Girard National Bank, 109 Pa. 349, the court held that, in the absence of evidence to the contrary, an attachment sur judgment was presumed to be abandoned where no steps had been taken for over twenty years after the garnishee's plea of nulla bona. However, the court based its holding on the fact that the judgment supporting the attachment proceedings was presumed to have been paid after a lapse of twenty years. Cf. Gilmore v. Alexander, 268 Pa. 415, 112 A. 9.

I have been unable to find any decision by a Pennsylvania court deciding whether a lien, obtained by service or levy under a writ of attachment execution, may be lost by unreasonable delay in prosecuting the garnishment action to judgment. There is, however, sufficient dicta in the opinions of the lower courts and appellate courts to indicate that such a lien will be deemed abandoned and lost where the judgment creditor has been guilty of unreasonable and unexplained delay in prosecuting the action to judgment causing prejudice to interested parties. I so hold.

The trustee asks that this court adjudicate the invalidity of the lien on the basis of the facts alleged in the trustee's petition and admitted by the respondent. There were no facts presented to this court from which it can be determined whether there is any satisfactory explanation for respondent's delay in prosecuting the attachment proceedings. Respondent is entitled to a hearing on that question before the validity of the lien can be adjudicated. I therefore direct that the parties appear before the Referee in Bankruptcy to whom this matter has been referred for a hearing on the question of the validity of respondent's lien and a determination thereof by the referee in accordance with this opinion.

An appropriate order may be submitted.