### FISHER v. KNIGHT.

(Circuit Court of Appeals, Third Circuit. April 20, 1894.)

No. 4.

1. BANKS—DEPOSITS—INDIVIDUAL AND TRUST FUNDS—SET-OFF—RECEIVERS.
   Debts of a partner and his firm to a bank cannot, in equity, be set off by a receiver of the bank against trust moneys which the partner, after the debts were contracted, mingled with the firm deposits, without the bank's knowledge, and the whole amount of which remained continuously in the bank until it failed.   58 Fed. 991, affirmed.

2. TRIAL TO COURT—AGREED STATEMENT—WAIVER.
   A stipulation in an action of assumpsit to submit the case to the court on an agreed statement of facts, with like effect as though the same had been found by a jury, judgment to be entered for the party which the court finds entitled, waives all questions as to the remedy adopted; and judgment may be entered for the party having the equitable right, without inquiring whether the same could be enforced at law.   58 Fed. 991, affirmed.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action at law by Robert B. Knight, to the use of Burton Binns, assignee for the benefit of creditors of the Benevolent Order of Active Workers, against Benjamin F. Fisher, receiver of the Spring Garden National Bank. By stipulation the case was submitted to the court on an agreed statement of facts, and judgment rendered for plaintiff. 58 Fed. 991. Defendant then sued out this writ of error. The stipulation and statement were as follows:

"It is hereby agreed by and between the parties to the above case that the following facts shall be submitted to the court for its opinion and judgment, with like effect as though the same had been found by the verdict of a jury. R. B. Knight, being about to leave the city of Philadelphia, gave on the 28th day of April, 1891, to N. T. Lewis, $2,000, for safe-keeping. This money, with other money of the firm of N. T. Lewis & Son, was, upon the 30th day of April, 1891, deposited to the credit of said firm in the Spring

Garden National Bank, against which they had the full right to draw checks at will. The bank officials had no notice that the money did not belong to the firm of N. T. Lewis & Son, or that it had been handed to the said Lewis to keep for the said Knight. On the 8th day of May, 1891, the Spring Garden National Bank failed, and closed its doors, and subsequently the defendant was appointed receiver thereof. Upon the 30th day of April, after the deposit made upon said day, there stood to the credit of N. T. Lewis & Son, upon the books of the said bank, the sum of $2,557.72, and at the time of the failure and appointment of the receiver, as aforesaid, there remained to the credit of said N. T. Lewis & Son the sum of $3,002.75 upon the books of the said bank, and at no time between those dates was there less than $2,000 on deposit. The said Knight has not received any payment whatever on account of the $2,000, either from the bank or the said Lewis. The said Lewis, at the time of the failure, was the holder of $500 of the stock of the Spring Garden National Bank, and was duly assessed by the comptroller of the currency in said sum of $500, which, with interest from the 2d day of January, 1892, remains due and unpaid. He was further indebted upon a note dated March 30, 1891, and payable July 2, 1891, for $1,000, discounted March 30, 1891, by the said bank, for the said firm of N. T. Lewis & Son, and by the said bank transferred to the clearing-house association as collateral security for clearing-house certificates, which note remains due and unpaid. He was further indebted upon a note of Mary E. Gill, dated February 14, 1891, payable four months after date, for $52.64, upon which a payment of $27.57 has been made, the balance remaining due and unpaid, the said note having been discounted for the credit of N. T. Lewis & Son, February 17, 1891. The defendant has refused, and still refuses, to pay the amount of the deposit, or a dividend thereon, either to Knight or Lewis. On the 8th day of March, 1893, the said Knight executed an assignment of all claims held by him against both N. T. Lewis and the defendant, to Burton Binns, Esq., assignee for the benefit of creditors of the Benevolent Order of Active Workers, as per copy hereto annexed.

"If, on the above facts, the court shall be of opinion that the receiver is entitled to set off the said liability of Lewis as a stockholder of the Spring Garden National Bank, and the amount of said note of $1,000 and interest thereon from dates of maturity, against the claim of the plaintiff, then judgment to be entered for the defendant, but otherwise for the plaintiff, for the sum of $2,000, with interest and costs. Each party reserves the right to take a writ of error from the decision of the court."

Henry K. Hewitt and Ellery P. Ingham, for plaintiff in error.

Henry Budd, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and GREEN, District Judge.

ACHESON, Circuit Judge. There is abundant authority for the doctrine that the real ownership of a fund deposited in a bank may be shown to be in another than the person in whose name the deposit is made, and the fund recovered from the bank by the true owner, if the bank has not been misled or prejudiced by the apparent ownership. Frazier v. Bank, 8 Watts & S. 18; Stair v. Bank, 55 Pa. St. 364; Bank v. King, 57 Pa. St. 202. Upon the admitted facts and under the authorities we are of the opinion that the fund in controversy belonged to the plaintiff, and was recoverable by him from the bank or its receiver. The court below was clearly right in holding that the defendant could not set off against the plaintiff's claim the liability of N. T. Lewis as a stockholder of the bank, or the amount of the note for $1,000. The liability of Lewis upon his assessment was altogether his individual

debt, and in no view of the case was it a proper set-off. Norcross v. Benton, 38 Pa. St. 217. Neither the bank nor the receiver had done anything upon the faith of the apparent ownership of the fund, and neither was prejudiced in consequence of the deposit having been made in the name of N. T. Lewis & Son. The note was not taken on the credit of the deposit. It was discounted 30 days before the plaintiff's money came into the bank. Nearly two months elapsed after the closing of the bank before the note matured. The bank had no lien upon the deposit for a debt not due. Jordan v. Bank, 74 N. Y. 467, 472. The rights of the parties were fixed upon the insolvency of the bank and the appointment of the receiver. As the defendant had no right then to apply the plaintiff's money to pay the debt of N. T. Lewis & Son, he has no such right now. Certainly the mere delay of the plaintiff in bringing suit until after the maturity of the note did not change the situation.

By the very terms of the case stated judgment was to be given in favor of the plaintiff if the opinion of the court upon the question of set-off was against the defendant. Nevertheless we are asked to reverse the judgment upon the ground that the plaintiff should have proceeded by a bill in equity, instead of by a suit at law. This objection to the mode of procedure was not raised by the defendant in the court below, and it should not avail him in this court, even if originally well founded. There was a clear, and we think binding, waiver of all objection to the form of the proceedings. The plaintiff, it will be perceived, did not seek any relief of a distinctively equitable nature. His suit was merely for the recovery of a sum of money. Then, again, by the Pennsylvania statute, set-off is a legal defense. Now, the parties by virtue of their agreement embodied in the case stated dispensed with a trial by jury, and submitted the controversy to the judgment of the court. The case, then, was properly before the court for determination, and it made no difference whether the judge was sitting on the law side or the chancery side of the court. In either case the result would have been the same. The defendant did not ask permission to withdraw from the case stated, but took his chance of a judgment favorable to himself. The objection which he now raises in this court to the course of procedure below comes too late. This case essentially differs from that of Hurst v. Hollingsworth, 100 U. S. 100, in which there was a blending of equitable and legal causes of action in one suit, and where there was a denial by the trial court of permission to the plaintiff to recede from a stipulation improvidently made. There is much in the opinion of the supreme court in Hurst v. Hollingsworth (page 102) tending to sustain the view we take here.

Furthermore, upon this record we are not prepared to adjudge that the plaintiff's cause of action was not cognizable at law. Every presumption is to be made in favor of his right to maintain a suit at law for the recovery of his property. The terms of the submission of the controversy to the decision of the court virtually conceded that the legal title to the fund was in the plaintiff. The

language of the case stated, we think, does not exclude the hypothesis that in making the deposit Lewis acted as the agent of the plaintiff. It may well be presumed that what he did was within the contemplation of the parties when the money was handed to him, and that, while the deposit was nominally on account of N. T. Lewis & Son, it was really on account of the plaintiff. Now, it is firmly settled that the contract of an agent is the contract of his principal, for whom he acted, and that the undisclosed principal may sue thereon at law in his own name, and this even where the contract is in writing, and the principal is not mentioned therein. Skinner v. Stocks, 4 Barn. & Adol. 437; Barry v. Page, 10 Gray, 398; Ford v. Williams, 21 How. 287. Hence, in the case of the Duke of Norfolk v. Worthy, 1 Camp. 337, where money of the principal was paid by the agent as a deposit on a contract made by and in the name of the agent, who apparently was acting on his own account, it was held that the principal might recover back the deposit in a suit at law in his own name, the contract having been rescinded. The judgment of the circuit court is affirmed.