## In re FOGELMAN.

### (District Court, E. D. New York. July 17, 1911.)

1. BANKRUPTCY (§ 288*)—COURTS—JURISDICTION—PROPERTY IN HANDS OF THIRD PERSON.

Where property of a bankrupt was alleged to be in the possession of a third person, who, though not admitting possession, claimed no title to any of the property, he could not object to the bankruptcy court's jurisdiction to order him to surrender the property to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 210.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. !288.*

2. BANKRUPTCY (§ 136*)— CONCEALED PROPERTY — PROCEEDINGS AGAINST BANKRUPT.

Proceedings to compel a bankrupt to turn over property which was concealed for or by him could be based on an examination of the bankrupt's agent as to what disposition he had made of the bankrupt's property; but until the property or its proceeds had been traced through the hands of the bankrupt to the agent, or until he had avoided responsibility by showing that his control over it had terminated, because it reached the possession of his agent and had been converted or stolen, the bankrupt should be dealt with first, and the trustee could not demand that the agent be compelled to account for the property, unless the property or its proceeds was specifically shown to be in his hands.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

In the matter of bankruptcy proceedings against Boris Fogelman. On application to confirm a special commissioner's report. Granted.

Amy Wren, trustee, in pro. per.
Law & Holtzmann, for bankrupt.

CHATFIELD, District Judge. This is an application to confirm a special commissioner's report, in which he has directed that the bankrupt turn over to the trustee the value of certain property, which the special commissioner has estimated as at least $1,639.27, and which represents merchandise traced into the hands of the bankrupt or his agents and not accounted for, under such circumstances that its fraudulent concealment or disposition is proven. The trustee in bankruptcy has filed certain exceptions to the special commissioner's report, based principally on his failure to add certain items to the amounts found by him, and on his conclusion that no jurisdiction exists over a third party, who actually handled or disposed of some of the goods. The bankrupt has also pointed out one or two credits to which he is entitled, if the figures found by the special commissioner be taken as the maximum value of the property concealed.

It appears that the bankrupt sold out a business in Manhattan, and with the greater part of the proceeds therefrom purchased a business in Brooklyn, which was put into the hands of his prospective son-in-law for actual management. The store was conducted by this man, who has since married the bankrupt's daughter. The clerks in the store were also relatives, and a large quantity of goods was purchased upon credit, which was bolstered up by false statements of the

son-in-law, the bankrupt, and the clerks. After large quantities of goods had been purchased, and after a peculiar method of running the business had been followed, an involuntary petition in bankruptcy was filed by three relatives, two of whom are brothers of the son-in-law. The charge is boldly set forth in their petition that assets have been concealed by the bankrupt, who was doing nothing except through his agent, the brother of these petitioning creditors. The claims of these petitioning creditors and of other creditors who are relatives are not substantiated, as the circumstances under which these creditors are said to have made loans and received payments are unbelievable, and there is an abundance of testimony to justify the conclusion of the special commissioner that a large amount of assets was concealed, even much more than the amount reported.

[1] The original proceeding to turn over property was directed against the bankrupt and his son-in-law; but, upon the hearings before the special commissioner, certain attorneys, who appeared at first for the son-in-law, objected to any proceeding to compel the son-in-law to turn over property, on the ground that the court had no jurisdiction to dispose of a claim of title against objection by a third party or one claiming title. This ground of objection was plainly invalid. The son-in-law did not admit the possession, and made no claim of title to any of the property which the bankrupt had in his business; and unless this son-in-law laid claim of title to some specific articles or funds, he could not object to the jurisdiction of the court, if the proceeding were an attempt to trace into his hands property of the bankrupt, not in any sense his own. But during the course of the reference, and in the commissioner's report, it would appear that this objection and ruling was treated as the foundation for a determination by the commissioner, which was entirely correct so far as it went. No property was traced into the hands of the son-in-law, Svigals, except as agent for the bankrupt.

[2] Any proceedings to compel the bankrupt to turn over property which was concealed for him or by him could be based upon an examination of the bankrupt's agent as to what disposition he made of the bankrupt's property. But until the property or its proceeds had been traced through the hands of the bankrupt, and until he avoids responsibility by showing that his control over it had terminated, because it had reached the possession of his agent and been converted or stolen, and was hence out of his own control, the trustee is not in a position to demand that the agent be compelled to make good or account for the bankrupt's property, unless the property or the proceeds be specifically shown to be in his hands. Therefore the commissioner's report that the bankrupt should be ordered to return the property or to account for its proceeds, and that the agent on the present evidence should not be treated as a principal, but merely examined as a witness, is correct.

There being sufficient testimony to establish the conclusions of the commissioner as to the secretion of property by the bankrupt, or his agents for him, the only question remaining is as to amount. The commissioner has allowed the bankrupt credit for twice the amount ob-

tained by the sale of the property at auction. While this is arbitrary, it is an increase over any estimated amount indicated by the testimony, and it is difficult to see how the bankrupt can properly object to the commissioner's allowing more than the witnesses for the trustee fix as the value of the property accounted for. In other respects the commissioner's computation seems to be correct, with the exception of such items as necessary deductions for checks paid after the striking of the bank account balance and the item of $180 for the Leavitt note. These matters can be adjusted upon the settlement of the order.

The motion to confirm the report will be granted, and the exceptions to the report overruled for the present. If the bankrupt disavows responsibility, and accuses his son-in-law of conversion or larceny, by attempting to show that possession was last in the son-in-law, then the report will be sent back for further hearing, on the charge that the son-in-law has or has concealed property belonging, not to himself, but to the bankrupt estate.