In re ALEXANDER.

(District Court, N. D. Ohio, E. D. December 21, 1911.)

No. 4,235.

1. BANKRUPTCY (§ 115*)—ACTION BY RECEIVER—JURISDICTION—COURTS OF BANKRUPTCY.

Bankruptcy Act July 1, 1898, c. 541, § 2, cl. 3, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), invests the bankruptcy court with jurisdiction to appoint receivers or marshals on application of parties in interest, in case

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the court shall find it absolutely necessary for the preservation of estates, to take charge of the property in bankruptcy after the filing of the petition, and until it is dismissed or the trustee is qualified. Clause 6 authorizes the bringing in and substitution of additional persons or parties in proceedings in bankruptcy when necessary for the complete determination of a matter in controversy, and clause 7 authorizes it to cause the estates of bankrupts to be collected, reduced to money, and distributed, and to determine the controversy in relation thereto, except as otherwise provided. *Held*, that the exception contained in the last clause only referred to suits against claimants provided for by section 23, and hence where an attorney for a bankrupt sold certain of his assets to a purchaser who voluntarily appeared in a proceeding to set aside such sale, neither such attorney nor the purchaser could thereafter object to the jurisdiction of the court to set aside the sale by summary proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

2. ATTORNEY AND CLIENT (§ 14*)—OFFICER OF COURT—SUBJECT TO COURT'S ORDER.

An attorney representing a bankrupt was an officer of the court and subject to its orders.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 21; Dec. Dig. § 14.*]

3. BANKRUPTCY (115*)—SALE OF ASSETS—VACATION—ACTION BY RECEIVER.

Where a bankrupt sold certain of his assets to his attorney, and he sold them to another. a receiver in bankruptcy was entitled to maintain summary proceedings to set aside such sales and recover the property, it not being necessary that the creditors should wait until a trustee was elected to institute such proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 115.*]

4. BANKRUPTCY (§ 115*)—SUMMARY PROCEEDINGS—PETITION.

Where. in summary proceedings to set aside a sale of certain of a bankrupt's assets to another, the purchaser appeared and tried the case on its merits, and offered testimony on the petition and answer, he could not thereafter raise the objection that the petition did not state a cause of action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 115.*]

In the matter of bankruptcy proceedings of Morris Alexander. On motion to set aside a former summary order vacating a sale of the bankrupt's assets. Denied.

A. V. Cannon, for petitioning creditors.

E. J. Myers, for bankrupt.

DAY, District Judge. In this matter motions were filed to set aside a former order of this court, which order was a summary order setting aside a sale to one Jacob Herskovitz. In the order appointing the receiver in this matter the court granted an injunction restraining all persons from interfering with the property of the bankrupt. Subsequent to this time, Jacob Herskovitz, by his attorney, Benjamin Meck, filed a motion to dismiss the receiver. At about the same date certain petitioning creditors filed a petition in the bankruptcy case asking that the transfers of property made by Morris Alexander to Benjamin Meck and by Benjamin Meck to Jacob Herskovitz be held

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

null and void as against the creditors of the bankrupt, and also that Jacob Herskovitz and Benjamin Meck account to the receiver for the value of the property which had come into their possession, and that they both be ordered to turn over to the receiver all property which had come into their possession belonging to the bankrupt and for other equitable relief.

On the filing of this motion to dismiss the receiver and the filing of this petition for a summary order, the court referred the matter to a special master to take testimony. This order appointing the special master to take testimony, which was issued both on the petition of the creditors and the motion of Jacob Herskovitz, was approved by Herskovitz, through his attorney. Afterwards, on the 14th day of November, Jacob Herskovitz filed an answer in this matter and prayed in this answer that his title to a stock of merchandise and fixtures be quieted and the receiver instructed and ordered not to interfere with the peaceable possession of said goods by the said Jacob Herskovitz. Testimony was taken before the master; witnesses were called by the petitioning creditors and by Herskovitz, and the case was then set down for argument before me as district judge, and a decree was entered in the case, and this decree is the one complained of in the motions filed by Jacob Herskovitz and Benjamin Meck to set aside these orders.

Now Benjamin Meck, it appears, was the one through whom Alexander acted in seeking to transfer his property out of the reach of his creditors. The record in the case shows that Benjamin Meck acted as agent for Alexander. He so testifies himself in the record in this case. He says that the reason a bill of sale was given him for this Alexander stock was to protect him in his commission and that he had no other interest therein. An examination of the record clearly indicates that Mr. Meck was the agent of Alexander.

Now Benjamin Meck in his motion to set aside the former order of the court, which order of the court, as I have indicated, was an order declaring this sale null and void, and directing Mr. Meck and Alexander to turn over to the receiver all property which has come into their possession belonging to the bankrupt and to account to the receiver, relies chiefly upon the objection that the court was without jurisdiction over the subject-matter in this case.

[1] So the first inquiry naturally is, had the court power to make this summary order? Under clause 3 of section 2 of the bankruptcy act of 1898, it is provided:

"The court has the right to appoint receivers or marshals, upon application of parties in interest, in case the court shall find it absolutely necessary for the preservation of estates, to take charge of the property in bankruptcy after the filing of the petition and until it is dismissed or the trustee is qualified."

And under clause 6 of section 2, it is provided:

"To bring in and substitute additional persons or parties in proceedings in bankruptcy when necessary for the complete determination of a matter in controversy."

Under clause 7, it is provided:

"To cause the estates of bankrupts to be collected, reduced to money, and distributed and determine the controversy in relation thereto, except as herein otherwise provided."

It is obvious that the exception referred to is contained in the provision of section 23 in the act, which relates to suits against adverse claimants. Now it appears from the record that Herskovitz came into the bankruptcy proceeding and filed a motion by Benjamin Meck, his attorney. The matter came before the court for the taking of testimony. Benjamin Meck represented Herskovitz and approved the order appointing a special master, which order directed the master to take testimony, both on the motion to discharge the receiver and on the petition filed by the creditors. Mr. Meck was present at the hearing before the master. He gave testimony and had a copy of the creditors' petition.

Now, for the purpose of considering this motion filed by Mr. Meck, it must be understood that Herskovitz has consented to the jurisdiction of this court. Mr. Meck was the agent of the bankrupt, Alexander, and being the agent for Alexander, he cannot object to this court's jurisdiction. There was no adverse claim asserted in this case and there was no adverse claimant. For had there been an adverse claimant, such adverse claimant could only be reached by a plenary suit. Mr. Meck was not an adverse claimant, he was the agent of the bankrupt Alexander. In the case of Murphy v. John Hoffman Company, 211 U. S. 562, 569, 27 Sup. Ct. 154, 156 (53 L. Ed. 327), 21 Am. Bankr. Rep. 487, 491, Justice Moody, in delivering the opinion of the Supreme Court says:

"Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised though it is not authorized by any statute."

This opinion of the learned justice seems to be of very close application here, inasmuch as Herskovitz has come into this court, and asks that his title to the property in question be quieted.

Again, in the case of York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, 15 Am. Bankr. Rep. 633, Mr. Justice Peckham, delivering the opinion of the court says:

"This court held (speaking of the case of Mueller v. Nugent, 184 U. S. 1 [22 Sup. Ct. 269, 46 L. Ed. 405]) as stated by the Chief Justice in delivering its opinion: 'The bankruptcy court would be helpless indeed if the bare refusal to turn over could conclusively operate to drive the trustee to an action to recover for indebtedness, or a conversion, or to proceedings in chancery, at the risk of the accompaniments of delay, complication, and expense, intended to be avoided by the simpler methods of the bankrupt law.'"

The learned justice then said:

"It was held that the trustee was not thus bound, but had the right, under the facts in that case, to proceed under the bankruptcy law itself and

take the property out of the hands of the bankrupt or any one holding it for him."

The case of Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, laid down this doctrine by Chief Justice Fuller:

Where property of a bankrupt has come into the hands of a third party before the filing of the petition in bankruptcy, as the agent of the bankrupt and to which he asserts no adverse claim, the bankruptcy court has power by summary proceedings to compel the surrender of the property to the trustee in bankruptcy duly appointed, and a mere refusal of the agent to deliver up, does not oblige the trustee to resort to a plenary suit to recover the property, nor does such refusal to surrender constitute an adverse holding in fact, and therefore an adverse claim at the time the petition in bankruptcy was filed.

It appears to me that the creditors had a right to file a petition such as was filed in this case, and this petition having been filed under the circumstances of this case, the court could make a summary order upon Mr. Meck, as the agent of the bankrupt Alexander, in reference to the property held by him.

[2] Furthermore, Mr. Meck is an officer of this court, and, as such, subject to the orders of this court, as was held by Mr. Justice Field in Ex parte Garland, 71 U. S. 333, 18 L. Ed. 366.

[3] It was not necessary to wait until the trustee was elected in order to bring suit against Mr. Meck, and have an order made, for it was said in the case of In re Knopf (D. C.) 144 Fed. 245, 10 Am. Bankr. Rep. 432:

"If the court had waited until the determination of such suit (speaking of a suit to be brought by the trustee) the chances are that there would have been no property left."

I think this doctrine has a special application to the case at bar. To the same effect is the case of Horner-Gaylord Co. et al. v. Miller & Bennett (D. C.) 144 Fed. 295, 17 Am. Bankr. Rep. 257.

Bearing upon the question of jurisdiction is the case of Coder, Trustee, v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 22 Am. Bankr. Rep. 1, decided in 1909. Mr. Justice Day in rendering the opinion of the court says:

"It is contended by the appellee that the case should be dismissed for want of jurisdiction of the Circuit Court of Appeals, and of this court. Questions of the jurisdiction in bankruptcy, particularly of the appellate courts, have given rise to numerous and not altogether reconcilable decisions. The bankruptcy act, as originally passed, did not give the bankruptcy courts jurisdiction over plenary suits to recover the property alleged to belong to the trustee in bankruptcy, except with the consent of the defendant. This was the subject of full consideration and determination in Bardes v. First National Bank, 178 U. S. 524 [20 Sup. Ct. 1000, 44 L. Ed. 1175] 4 Am. Bankr. Rep. 163. Subsequent decisions of this court construed the act to give the bankruptcy courts jurisdiction over controversies concerning the property in possession of the bankruptcy courts. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Murphy v. John Hoffman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327."

That Mr. Meck could not object to the jurisdiction of the court, I think is established by In re Fogelman (D. C.) 188 Fed. 755, 26

Am. Bankr. Rep. 742; Babbitt, Trustee, v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 23 Am. Bankr. Rep. 519. An opinion by Mr. Chief Justice Fuller of the Supreme Court of the United States held that in a case such as the case at bar, it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily, and may make an order in a summary proceeding without the formality of a formal litigation.

Inasmuch as Benjamin Meck is an officer of this court and as he was an agent of Morris Alexander and appeared as attorney for Herskovitz, and as he was present at the hearing before the master and engaged in the conduct of the hearing, in my opinion, he is subject to the jurisdiction of this court, and cannot be heard to object to the order of the court at which he complains at this time. His motion will accordingly be overruled, and exceptions granted to him.

Now, in reference to the motion of Jacob Herskovitz, I have already stated the facts upon which this court obtained the necessary jurisdiction to make the order in so far as he, Herskovitz, was concerned. Having consented to the court's jurisdiction, until an order adverse to him was entered, can Herskovitz now object to the jurisdiction of this court? He has consented to the court's jurisdiction, and by this consent and only by this consent has he given this court jurisdiction to enter the order of which he complains, as was held by the Supreme Court in the case of Bardes, Trustee, v. First National Bank of Hawarden, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, 4 Am. Bankr. Rep. 163, in which the court says:

"The district court of the United States can by the proposed defendant's consent, but not otherwise, entertain jurisdiction over all suits brought by trustees in bankruptcy to set aside fraudulent transfers of property or money made by the bankrupt to third persons before the institution of a proceeding in bankruptcy."

That such matters can be tried out in the district court is recognized by Collier in his work on Bankruptcy (8th Ed.) p. 409, wherein he says:

"The consent may be shown by any act indicating a willingness on the part of the defendant, that his claim, or his rights thereunder, should be adjudicated by the court. If a mortgagee petitions for the payment of his mortgage debt he thereby consents to the jurisdiction of the court. If the defendants do not object to the jurisdiction of the court at any stage of the proceedings, it is too late to urge the objection on appeal."

That consent confers jurisdiction was held in the case of Ryttenberg v. Scheffer et al. (D. C.) 131 Fed. 313, 11 Am. Bankr. Rep. 658; Chauncey v. Dyke Bros., 119 Fed. 1, 55 C. C. A. 579, 9 Am. Bankr. Rep. 447; Bryan, as Marshal, v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. And, as has been said by Judge Richards of the Court of Appeals for the Sixth Circuit in Re Hutchinson & Wilmoth, 158 Fed. 78, 85 C. C. A. 408, 19 Am. Bankr. Rep. 319:

"A court of bankruptcy has no jurisdiction of a suit at law or in equity brought by a trustee to recover property or to collect debts or to set aside transfers of a property alleged to be fraudulent, except by the consent of the defendant."

[4] Herskovitz claims at this time that the petition does not state a cause of action. Having tried the case on its merits and having offered testimony on the petition and the answer, he cannot now raise this objection. In re Blake, 150 Fed. 279, 80 C. C. A. 167, 17 Am. Bankr. Rep. 669; Saltonstall v. Russell, 152 U. S. 628, 14 Sup. Ct. 733, 38 L. Ed. 576; Fisher v. Knight, 61 Fed. 491, 9 C. C. A. 582; Folger v. Columbian Insurance Company, 99 Mass. 267, 96 Am. Dec. 747; In re Steuer (D. C.) 104 Fed. 976, 5 Am. Bankr. Rep. 209.

It must be borne in mind that these summary proceedings were instituted to preserve the estate of the bankrupt. Herskovitz having submitted to the jurisdiction of this court and having proceeded as he did, cannot now object to the court's jurisdiction, nor to the sufficiency of the petition, and his motion is accordingly overruled.

Although this bankruptcy proceeding has developed many suspicious facts and many serious questions, involving to some extent the professional action of Mr. Meck, still it is not a matter to be considered herein. To my mind the sale was fraudulent, and as full a hearing as possible was had on this phase of the situation, and, after this order of the court was entered, I am not of the opinion that either Herskovitz, who was a party to this transaction and who consented to the jurisdiction of this court, or Mr. Benjamin Meck who was the agent of Alexander, can now come into court and object to the granting of an order predicated upon a proceeding in which they acquiesced, until an order was entered which was adverse to their position, when their objections were filed. The bankruptcy act contemplates an honest and vigilant administration of estates. An efficient administration of the bankruptcy law presupposes prompt proceedings to protect the creditors, and it seems ill advised for parties involved in apparently fraudulent transactions to object to the jurisdiction of the court at a time when the proceedings of the court develop their connection with such transactions.