## In re MANNING.

### (District Court, D. South Carolina. May 12, 1903.)

1. BANKRUPTCY—JURISDICTION OF COURT—SUMMARY PROCEEDINGS AGAINST ASSIGNEE.

   A court of bankruptcy is without jurisdiction to bring before it a general assignee of a bankrupt by a rule to show cause why he should not be attached for contempt, and to adjudicate thereon his liability to account for money of the estate which came into his hands while in the execution of his trust, and before he was ousted therefrom by the proceedings in bankruptcy.

In Bankruptcy. On exception to order of referee.

H. H. Newton and Mitchell & Smith, for creditors.

T. I. Rogers, for bankrupt.

BRAWLEY, District Judge. This is an exception to the judgment of the referee on the rule to show cause against B. F. Roper. The trustee of Manning filed a petition April 10, 1902, setting forth that "B. F. Roper, late alleged assignee of the said bankrupt, had in his possession on the 4th day of February, 1902, a large amount of money, to wit, $946.82, and that he had made a demand on said Roper to turn over the same to him as trustee, but that he had failed to do so," and prayed for an order requiring Roper to turn the same over to him forthwith.

It appears that Roper had turned over to the trustee $677.80, but refused to pay the remainder, alleging that he had paid $200 to T. I. Rogers as attorney for a fee, in accordance with the terms of the assignment made to him, and the remainder for costs and commissions connected with said assignment, the aggregate of said disbursements being $269.02, which he claims to have made "before any order or paper of any kind from this court, and in fact before said Manning was adjudged a bankrupt, and were made by the respondents in good faith." The petition in involuntary bankruptcy was filed January 21, 1902, and January 31st Mr. Newton, attorney for petitioning creditors, wrote a letter to Roper notifying him of the proceedings in bankruptcy, and warning him not to make any payments out of the funds in his hands, and he was adjudged a bankrupt February 14th. On July 17th the referee issued a rule against Roper, requiring him to show cause within five days why he should not be attached as for contempt in failing to turn over the money as required, and upon

hearing of the return above referred to the referee discharged the rule, and this is an appeal from that judgment.

Without expressing any opinion as to the sufficiency of the return, the rule must be discharged for want of jurisdiction. Roper was not a party to the proceedings in bankruptcy. The letter of the attorney for the petitioning creditors could not make him so, and the court in bankruptcy has no jurisdiction by summary proceedings to collect money from parties who are indebted to the estate of the bankrupt. Roper, having been ousted of his trust under the deed of assignment, became liable to an account for any moneys belonging to the estate of the bankrupt, but the question as to his obligation to pay over such moneys cannot be decided in a summary proceeding upon a rule to show cause. If he is indebted to the estate, he is entitled to the usual process of law in defense of any right which he may set up, and this is in the nature of a civil remedy for the recovery of money, to be enforced by execution, and not by process for contempt. Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481. The precise question seems to have been determined by the Circuit Court of Appeals of the Sixth Circuit in Sinsheimer v. Simonson, 47 C. C. A. 51, 107 Fed. 903, which case was affirmed by the Supreme Court of the United States on appeal under the title Louisville Trust Company v. Cominger, 184 U. S. 19, 22 Sup. Ct. 293, 46 L. Ed. 413.