## DESERET WATER, OIL & IRRIGATION CO. v. STATE OF CALIFORNIA.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

### No. 2,129.

1. COURTS (§ 325*)—IMMUNITY FROM SUIT—WAIVER.

Immunity against suit, conferred on a state by the federal Constitution, eleventh amendment, providing that the judicial power of the United States shall not extend to any suit at law or in equity commenced or prosecuted against one of the United States by citizens of another state, may be waived in a case within the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. § 325.*]

2. COURTS (§ 307*)—FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—STATES—"CITIZEN."

A state is not a "citizen" within the law conferring federal jurisdiction in certain cases where diversity of citizenship exists.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 850–854; Dec. Dig. § 307.*

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

3. COURTS (§ 325*)—RIGHT TO SUE STATE—STATUTES—CONDITIONS.

Code Civ. Proc. Cal. § 1240, authorizes condemnation of state lands to public use when not devoted to other public uses; and section 1243 provides that all proceedings therefor shall be brought in the superior courts of the counties in which the property is situated. Held that, since the state was authorized to attach the condition that suits brought against the state with its consent shall be brought in one of its own courts, the appearance of the Attorney General in a suit to condemn

land of the state in a federal court did not confer jurisdiction on such court over the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. § 325.*

Federal jurisdiction in suit against state, see note to Tindall v. Wesley, 13 C. C. A. 165.]

Appeal from and Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. W. Morrow, Judge.

Action by the Deseret Water, Oil & Irrigation Company against the State of California to condemn certain land belonging to the State. From a judgment of dismissal, plaintiff brings error. Affirmed.

A. H. Ricketts, of San Francisco, for appellant and plaintiff in error.

U. S. Webb, Atty. Gen., and John T. Nourse, Deputy Atty. Gen., for the State of California.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error, a corporation organized under the laws of Nevada, engaged in doing business in the state of California, brought an action to condemn to public use certain land belonging to the state of California. The state was made a party defendant, and John Doe, Richard Roe, and Peter Pink were also made parties defendant as claiming an interest in the land. These defendants were alleged to be citizens and residents of the state of California, although their true names were unknown. The Attorney General of the state of California caused his appearance to be entered on behalf of the state, and thereafter filed a demurrer in the name of the state, on the ground that the complaint did not allege facts sufficient to constitute a cause of action against the state. The demurrer was sustained without leave to amend, and the action was dismissed for want of jurisdiction. The question now presented to this court is whether the Circuit Court had jurisdiction of the case. By making an appearance in the case, if the Attorney General was authorized so to do, and filing a general demurrer to the complaint for want of facts to constitute a cause of action, and raising no objection to the jurisdiction, the defendant in error waived, so far as it was possible for it, by the unauthorized act of its Attorney General, to waive the question of the jurisdiction. The question remains whether the court could, with such consent of the defendant in error so expressed by the action of its Attorney General, entertain jurisdiction of the cause.

[1, 2] By the eleventh amendment it is provided that the judicial power of the United States shall not extend to "any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state." The immunity against suit thus conferred by the Constitution may be waived in a case within the jurisdiction of the court. But the case before us is not such a case. There is involved in it no question of the Constitution or a law of the United States; nor is there jurisdiction over the defendant in error on the

ground of the diversity of citizenship of the parties. It is true that three defendants are joined by fictitious names, who are alleged to claim an interest in the land, which is said to belong to the state; and they are alleged to be citizens of the state of California. It may be doubted whether any court would accept as a jurisdictional averment such an allegation of the citizenship of defendants, of whom the pleader had so little knowledge as to be unable to state their names. But, however that may be, the state is not a citizen, and it is a party, and the principal party, here to an action in which the court had no jurisdiction of it on the ground of diversity of citizenship. The present case is not like that of Clark v. Barnard, 108 U. S. 436, 2 Sup. Ct. 878, 27 L. Ed. 780, in which it was held that the state might waive its constitutional privilege and, in order to assert its claim to funds in the hands of the court, become a party to a suit of which the court already had jurisdiction. In that case the court said:

"That in a suit otherwise well brought, in which a state had sufficient interest to entitle it to become a party defendant, its appearance in a court of the United States would be a voluntary submission to its jurisdiction. * * * In the present case the state of Rhode Island appeared in the cause and presented and prosecuted a claim to the fund in controversy, and thereby made itself a party to the litigation to the full extent required for its complete determination."

[3] Again, the effect of the appearance in the case of the Attorney General on behalf of the state must be limited by the terms of the statute of the state whereby it consented to be sued. Section 1240 of the Code of Civil Procedure of California authorizes the condemnation of state lands to a public use when not devoted to other public uses; and section 1243 provides that "all proceedings under this title must be brought in the superior courts of the counties in which the property is situated." This is a consent to be sued only in a court of the state, and in that respect the case is similar to that which was before this court in Smith v. Rackliffe, 87 Fed. 964, 31 C. C. A. 328, affirmed in Smith v. Reeves, 178 U. S. 436, 20 Sup. Ct. 919, 44 L. Ed. 1140, in which it was held that it was competent for the state to couple with its consent ·to be sued the condition that the suit be brought in one of its own courts.

There was no error is dismissing the cause for want of jurisdiction. The judgment is affirmed.