## RISON v. PARHAM.

### In re RISON'S, Incorporated.

(Circuit Court of Appeals, Fourth Circuit. January 13, 1915.)

No. 1295.

1. BANKRUPTCY ⬦⟶440—REVIEW—APPEAL OR REVISION AS PROPER REMEDY.
    Where, in bankruptcy proceedings against a corporation, the referee on the trustee's petition adjudicated that a deed of trust on property of the corporation, given prior to the organization of the corporation, had been paid and that the bonds secured thereby should be delivered to the trustee, and his findings and order were affirmed by the District Court, such court's decision could be brought to the Circuit Court of Appeals for review only by appeal, and a petition to superintend and revise was not authorized.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⬦⟶440.

    Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY ⬦⟶303—LIENS—SUFFICIENCY OF EVIDENCE.
    In a bankruptcy proceeding against a corporation organized to take over the business of R., evidence *held* sufficient to support a finding that a deed of trust, given by R. to his wife prior to the organization of the corporation, had been paid by the issuance of stock to the wife.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ⬦⟶303.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; Edmund Waddill, Judge.

In the matter of Rison's, Incorporated, bankrupt. An order of the referee adjudging that a deed of trust was not a lien, and that the bond secured thereby should be delivered to the trustee, was affirmed by the District Court, and S. Isabel Rison appeals. Affirmed.

S. M. Brandt, of Norfolk, Va., for appellant.

James H. Corbitt, of Suffolk, Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. In November, 1910, John W. Rison, Jr., the proprietor of a drug store in the city of Suffolk, Va., executed a deed of trust on his store fixtures and furniture, including a soda fountain of considerable value, to secure a bond given by him to his wife, S. Isabel Rison, the appellant herein, for the sum of $3,855.33. This deed of trust was duly recorded shortly after its execution, and the validity of the debt represented thereby is not questioned.

Something over two years later, in January, 1913, a corporation was organized, under the name of "Rison's, Incorporated," with an authorized capital of $25,000, to take over the business which Rison had individually conducted. Two of the three directors of this corporation were Rison and his wife, the third an attorney to whom a qualifying share was issued. Rison was elected president and Mrs. Rison secre-

tary. At a meeting of the directors on the 5th of February, 1913, all of them being present, a resolution was adopted to purchase the entire stock of goods belonging to Rison, including all his store fixtures, etc., for $10,000 par value of the full-paid and nonassessable stock of the corporation, of which 64 shares, each of the par value of $100, were to be issued to Rison and 36 shares to his wife. Two days later 59 shares were issued to Mrs. Rison, who signed the certificates as secretary, and she paid $2,000 into the treasury of the company. The consideration for the other 39 shares received by her is the subject of controversy in this proceeding.

Upon a petition filed in August, 1913, Rison's, Incorporated, was adjudicated bankrupt, and the appellee, Parham, appointed trustee on the 3d of October following. The deed of trust above mentioned had never been released, and Mrs. Rison claimed that the same was still a valid lien upon the property therein described. The trustee insisted that the debt secured by this instrument had been paid the previous February by the 39 shares of stock then issued to her. Accordingly, he filed a petition alleging such payment and praying for leave to sell the property free from the lien asserted by Mrs. Rison.

After hearing before the referee in bankruptcy, at which considerable testimony was taken, an order was made by him on the 18th of November, 1913, "that the said deed of trust be and the same is hereby repudiated as a lien against the said effects," and that the bond held by Mrs. Rison be forthwith delivered by her to the trustee. In April, 1914, the findings and order of the referee were affirmed by the District Court. From this decision Mrs. Rison appealed to this court and also filed here a petition to superintend and revise. The trustee answered the petition and also filed a motion to dismiss.

[1] We are clearly of opinion, without discussing the point, that the decision below could be brought to this court for review only by appeal, and that a petition to superintend and revise is not authorized by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. 1913, § 9585]) in such a case as is here presented.

[2] The matter in dispute is purely one of fact, and we see no reason for doubting that the referee reached a correct conclusion. Rison himself testified that the 39 shares of stock were issued to his wife in payment of the debt secured by the deed of trust, and the bookkeeper gave evidence to the effect that this was his understanding. Moreover, the contention of the trustee finds at least negative support in the resolution of purchase adopted by the directors, Mrs. Rison being present and presumably voting in the affirmative, and in the report to the State Corporation Commission which showed that Rison's stock of goods, including the soda fountain and store fixtures, were appraised at $10,000, their inventory value being $10,245, for which 100 shares of the corporation were issued. Against this was the testimony of Mrs. Rison that her husband agreed to assign to her his 64 shares to secure her for other indebtedness, that the deed of trust was not to be released until this was done, and that he had failed to keep his agreement.

219 F.—12

It is true that the referee states in his certificate that appellant "was estopped to assert any claim by virtue of the foregoing deed of trust," and that the same was "repudiated as a lien upon any of the funds in this bankruptcy," and her counsel argues that this is reversible error because, as he says, "not a single element essential to the application of the doctrine of estoppel is present in this case." But this criticism rests wholly upon the form of the referee's report and ignores the substance of his finding. The issue really decided by him was that as between Mrs. Rison and the creditors of the corporation the bond in question must be deemed paid and the lien of the trust deed discharged. In our judgment this conclusion was justified by the evidence, and there is no occasion for further comment.

The petition to superintend and revise will be dismissed, and the decree appealed from affirmed.