### In re AUTO SAFETY SIGNAL LAMP CO.

#### (District Court, E. D. Pennsylvania. June, 1916.)

1. BANKRUPTCY ☞305—ORDER TO DELIVER PROPERTY OF BANKRUPT—DEFENSES.

   The treasurer of a bankrupt company was mentioned in the schedule filed as a debtor, and, after the trustee called on him to turn over a sum of money, the treasurer filed a claim against the bankrupt for a larger sum. The referee disallowed the claim of the treasurer and found his indebtedness at a fixed sum. The report showed that the referee found that the amount stated as a debt was not a mere debt, but was money which the treasurer, without right or title, took from the company while

·he was treasurer, and had failed to return. *Held,* that an order directing, the treasurer to surrender such sum of money cannot be defeated on the ground that the referee found he was merely indebted to the company; the evidence justifying the finding that he had appropriated the company's funds, and the treasurer having submitted to the court's jurisdiction by filing a claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 466–468; Dec. Dig. ☞305.]

2. BANKRUPTCY ☞288(1)—AUTHORITY OF COURT OF BANKRUPTCY—JURISDIC-
TION OVER OFFICERS OF BANKRUPT.

Though an officer of a bankrupt company did not submit to the court's jurisdiction, nevertheless, having been an officer, the bankruptcy court has jurisdiction to order him to deliver such of the bankrupt's property as he. wrongfully retained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ☞288(1).]

In Bankruptcy. In the matter of the bankruptcy of the Auto Safety Signal Lamp Company. On petition to review order on W. Bancroft Mellor to turn over money. Order of the referee affirmed.

Daniel J. Shern, of Philadelphia, Pa., for trustee.

·H. S. Mesirov and Raymond John, both of Philadelphia, Pa., for petitioner.

WITMER, District Judge. W. Bancroft Mellor was the treasurer of the bankrupt company and was mentioned in the schedule filed as a debtor. After the trustee had called on Mellor to turn over the sum of $598.49, he (Mellor) filed a claim against the bankrupt wherein he admitted having received $598.49 from ·the bankrupt company, but set off a claim, alleged to be due him, greater. in amount, to wit, $2,096.25, leaving an alleged balance in his favor in the sum of $1,497.76. Mellor was examined concerning his claim, and the testimony of other witnesses was taken, resulting in the disallowance of it by the referee, who as a result of such hearing found and reported that Mellor's indebtedness to the bankrupt company as treasurer was $682.74, made up of $598.49 admitted having received and the further sum of $84.25 presented and proved by the trustee.

[1] The finding and report of the referee against Mellor was made November 16, 1914, whereof he had notice. No appeal was taken from the action of the referee, whereupon, December 1, 1914, the trustee filed a petition asking for a rule on Mellor to show cause why an order should not be made, directing him to surrender the assets of the bankrupt company found in his possession. Answer was made, and, after hearing, on December 9, 1914, the referee, resting on his findings in passing on the claim of Mellor, filed his decision ordering Mellor to turn over to the trustee the sum of $682.74. This order the court is requested to review.

, Summing up all of the reasons assigned for reversal of the order of the referee, the complaint is that the proceeding is unauthorized and that the evidence is insufficient to support the order in view of the former finding of the referee, that Mellor was·a debtor to the bankrupt company as treasurer for the amount which he was directed to turn

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

over. While it appears that the referee, in disallowing the claim of Mellor, "states his (Mellor's) indebtedness to the bankrupt company as $682.74," nevertheless, showing how he arrives at such amount, he clearly indicates in his former report, as he has since stated, justifying the order, that this amount is not a mere debt due by Mellor to the bankrupt company, but is, in fact, money which Mellor, without right or title, took from the company while he was treasurer, and has since failed to return. The referee's report shows, and the same is borne out by the evidence, that Mellor filled in and made payable to himself certain checks, signed in blank by the president, while he (Mellor) was treasurer of the company, and which payments Mellor charged to commissions pretended to be due him for sale of stock, under an alleged agreement between him and the executive committee of the board of directors. The referee further found that this alleged agreement was never entered into; that Mellor, as treasurer of the company, had no right to draw checks payable to himself for commissions; and that therefore, this sum having been improperly withdrawn from the treasury of the bankrupt company, Mellor had no title thereto, and was accordingly "indebted in that sum to the trustee." The finding that the bankrupt so retained the money stated is justified from the evidence, and, Mellor having submitted to the court's jurisdiction in attempting to establish a claim against the bankrupt company, forms a proper basis for the order that followed. Wiswall v. Campbell, 93 U. S. 347, 23 L. Ed. 923; In re Blake (C. C. A. 8th Cir.) 17 Am. Bankr. Rep. 668, 150 Fed. 279, 80 C. C. A. 167.

[2] Furthermore, without such submission, Mellor having been an officer of the bankrupt corporation, the court has jurisdiction to order a turn-over of such of the bankrupt's property as he wrongfully retained. In re Brockton Ideal Shoe Company (C. C. A. 2d Cir.) 29 Am. Bankr. Rep. 846, 202 Fed. 199, 120 C. C. A. 447.

The order of the referee is affirmed.