### JONES v. BLAIR et al.

### In re BLAIR–FRAZIER CO.'S ESTATE.

(Circuit Court of Appeals, Fourth Circuit. June 1, 1917.)

No. 1516.

1. BANKRUPTCY ⬥440—REVIEW—APPEAL.

    A petition by a trustee in bankruptcy, alleging that the bankrupts and their agent had collusively, knowingly, and fraudulently concealed and withheld from the trustee certain of their assets, intending to hinder, delay, and defraud their creditors, and that the bankrupts failed and refused to turn over such assets when required to do so by referee, was dismissed. Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (Comp. St. 1916, § 9608), declares that the Supreme Court of the United States and the Circuit Court of Appeals shall have appellate jurisdiction of controversies arising in bankruptcy proceedings, while section 24b declares that the Circuit Courts of Appeals shall have jurisdiction in equity to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy. Section 25a (Comp. St. 1916, § 9609) declares that appeals as in equity cases may be taken in bankruptcy proceedings to the Circuit Courts of Appeals from a judgment adjudging or refusing to adjudge the defendant a bankrupt, from a judgment granting or denying a discharge, and from a judgment allowing or rejecting a debt or claim of $500 or over. *Held* that, while the denial of the petition did not fall within any of the classes enumerated in section 25a. nevertheless the denial of such petition must be deemed a controversy arising in bankruptcy proceedings, as distinguished from a proceeding in bankruptcy, and hence the denial could be reviewed by appeal, whether

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the proceeding be considered summary or plenary; this being particularly true, in view of the wholly technical distinctions of the different proceedings for review.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915.]

2. BANKRUPTCY ☞136(2)—PROCEEDINGS—SUMMARY PROCEEDINGS.

As bankrupts are required by statute to embrace all of their assets in their schedules, the bankruptcy court, upon petition of any creditor, setting up a concealment of assets, must hear and determine the matters in a summary proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 235.]

3. BANKRUPTCY ☞440—PROCEEDINGS—PLENARY SUIT.

Bankr. Act, § 23 (Comp. St. 1916, § 9607), declares that the United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy between trustees as such and adverse claimants, and that suits by a trustee shall only be brought in the courts where the bankrupt whose estate is being administered might have prosecuted them, had no proceedings in bankruptcy been instituted. A trustee in bankruptcy filed a petition, alleging that the bankrupts and their agents had collusively, knowingly, and fraudulently concealed and withheld assets, with the intention of hindering, delaying, and defrauding their creditors, and that the bankrupts had failed to produce such assets when ordered and required to do so by the referee. The bankrupts and their agents by joint answer set forth in detail all of their alleged defenses, making every issue of fact necessary for the full assertion of their rights, and offered evidence in support thereof. Held, that the proceeding, instead of being a summary one, was plenary in its character, involving a controversy in equity under the section.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915.]

4. BANKRUPTCY ☞293(4)—PROCEEDINGS—JURISDICTION OF COURT.

In such case, though the bankruptcy court could not determine whether accounts due the bankrupts from their relatives had been fraudulently marked paid, so as to bind the relatives, who were not parties, yet as the agents of the bankrupts appeared, and without objection answered those allegations of the petition setting up that the bankrupts and their agents collusively concealed property, the bankruptcy court acquired jurisdiction to render judgment against the agents; such answer being a consent to the bankruptcy court's exercise of jurisdiction under Bankr. Act, § 23.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417.]

Appeal from the District Court of the United States for the Western District of South Carolina, at Greenville, in Bankruptcy; Joseph T. Johnson, Judge.

Petition by Iredell Jones, Jr., trustee in bankruptcy of the estate of the Blair-Frazier Company, bankrupt, against Elizabeth M. Blair and others, bankrupts. From a decree for defendants, petitioner appeals. Reversed.

John D. Lee, of Columbia, S. C., and Arthur L. Gaston, of Chester, S. C., for appellant.

Glenn W. Ragsdale, James G. McCants, and Clarke W. McCants, all of Winnsboro, S. C., for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. The Blair-Frazier Company, a partnership composed of Mrs. Elizabeth M. Blair, Mrs. Lula E. Blair, and Mrs.

Marion M. Frazier, doing a mercantile business at Blair, S. C., was adjudicated bankrupt on the 7th day of April, 1915, and Iredell Jones, Jr., was appointed trustee of the estate. The business of the firm was conducted by L. M. Blair, the husband of Mrs. Elizabeth M. Blair, and J. B. Frazier, Sr., the husband of Mrs. Marion M. Frazier; the former exercising chief control. On March 9, 1916, a petition was filed in the bankruptcy court, alleging that the bankrupts and their agents, Blair and Frazier, had collusively, knowingly, and fraudulently concealed and withheld from the trustee certain assets of the bankrupt's estate—

"with the intention and purpose of defrauding the creditors of the said bankrupts, and of hindering, delaying, and defrauding their creditors, and have failed to produce the assets of the said bankrupts when ordered and required to do so by the said referee herein, and have failed and refused to turn over the said assets and property of the bankrupts, in the possession of the said bankrupts, or under the control of the said bankrupts and their agents, belonging to the creditors."

The relief asked was that the bankrupts and their agents be required to disclose and account for the personal assets of the bankrupt estate alleged to be concealed with the intent to hinder, delay, and defraud creditors and to produce and turn over such assets to the trustee.

The bankrupts and their agents filed a joint answer or return, denying the concealment and misappropriation, and alleging that all of the property of the bankrupts had been turned over to the trustee. Evidence was taken both before the referee and the court upon the issues made upon the petition and the returns. The District Court dismissed the petition, as to some of the charges, on the ground that the petition and return before the court constituted merely a summary proceeding, as distinguished from a plenary suit; that the questions involved could not be litigated in a summary proceeding, but required an independent suit against all the parties interested; and as to other charges on the ground that the allegations were not sustained by the proof. It will thus be seen that the District Court decided in its decree both questions of law and fact, not only between the trustee and the agents of the bankrupts, but between the trustee and the bankrupts themselves. From the decree an appeal was taken to this court, on the ground that the District Court was in error in its findings of fact and also in its conclusions of law.

[1] The first point made here is that the matter could not be brought to this court by appeal, but only by petition to superintend and revise, under section 24b of the Bankruptcy Act. It is true that it does not fall under any of the provisions of section 25a allowing an appeal. But we think it is clearly a "controversy arising in bankruptcy proceedings," as distinguished from a "proceeding in bankruptcy," and therefore is properly here by appeal under section 24a, rather than by petition to superintend and revise under section 24b. The issues made in the petition and return are (1) the title of the trustee to certain assets claimed by him to be in existence as part of the bankrupt estate, which the bankrupts claim should not have been embraced in their schedules, and which, they joined their agents in saying, were either not assets at all, or were assets belonging to their agents.; and (2) an accounting by the bankrupts and their agents for the proceeds of cotton and other

property disposed of. The questions are not solely between the bankrupts or the trustee and their creditors, but between the trustee and the bankrupts, and also the bankrupts' agents. The case, therefore, falls distinctly under Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and Dalton v. Humphreys, 242 Fed. 777, —— C. C. A. ——, decided by this court May 1, 1917, holding that such a controversy may be brought here by appeal.

If there were any doubt upon this question of practice, it should be solved in favor of the appellants. The provisions of the bankruptcy statute providing for review by this court of questions which arise in the District Court in the administration of bankrupts' assets are so confusing that the most intelligent counsel are often puzzled and misled, and this court and doubtless other Courts of Appeals are often in a state of perplexity as to the proper proceeding. In this state of the law we think it our duty not to dismiss a proceeding looking to review of any proceeding in the District Court on the ground that the wrong method of seeking relief has been taken, unless it is so clear that the proceeding has been illegally brought that the court is required by the clear and imperative mandate of the statute to dismiss it. That there should be four distinct methods of bringing cases to this court, writs of error in law cases, appeals in equity cases, and petitions to superintend and revise and appeals in bankruptcy cases, is most unfortunate. The distinctions are purely artificial and technical, having no relation to substantial justice. These distinctions prescribed by statute require of the courts discussions concerning them which must seem to intelligent laymen more like sophistry than logic. Indeed, it is a reproach to the administration of justice that appellate courts should be required to dismiss causes brought up for review merely because counsel have made a mistake as to purely formal matters. Rule and regularity in such matters are of course essential, but due observance of rules could always be enforced by the infliction of costs on the offending party. The difficulty of the bar and the bench in distinguishing and applying these methods we venture to think could be entirely removed, so that the appellate courts could in every case decide the merits of the controversy, if a simple method of appeal applicable to all cases, legal and equitable, and all issues arising in bankruptcy, were provided by rule of court under authority of statute, with the discretion of the court to inflict the payment of costs for a material departure from the rule. Under the rigid and technical methods of review now prescribed by statute, Courts of Appeals cannot always escape dismissing causes without decision of the merits for failure to comply with the statutory method, however great the hardship may be to the parties seeking review of the action of the lower court.

[2] The District Court was in error in holding that the petitioners could not have their claim against the bankrupts for concealment of assets adjudicated under their petition without an independent proceeding, even if the proceeding had been summary. The bankrupts were required by the statute to embrace all of their assets in their schedules. Upon the allegation that they had failed to comply with the law in this respect, the District Judge was bound, upon the petition of any creditor

setting out concealment of assets, to hear and determine the matter under such petition in a summary proceeding. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405.

[3] Looking at the substance of the matter, however, this was not a summary, but a plenary and independent, proceeding in the bankruptcy court, involving a controversy in equity under section 23, as distinguished from proceedings in bankruptcy. The petition of the trustee set out in detail allegations of the concealment and conversion of certain assets by the bankrupts and their agents, acting in collusion with each other, the illegal and fraudulent cancellation of certain specified accounts due to the bankrupts, the illegal and fraudulent transfer of property for the purpose of hindering, delaying, and defeating creditors, and illegal preferences to alleged creditors. It cannot be doubted that all of these matters could be litigated under one bill in equity, and all proper relief granted. The bankrupts and their agents in their joint answer set forth in detail all of their alleged defenses, making every isssue of fact necessary for the full assertion of their rights. So far from questioning the power of the court to determine all of the questions under the petition, they asked that they be allowed to introduce testimony in verification of their defenses. All substantial features and requirements of a plenary action were present. The pleadings, therefore, presented fully a case of which the bankruptcy court had jurisdiction under section 23. It is said in Milner v. Meek, 95 U. S. 256, 24 L. Ed. 444:

"The pleading filed by the assignee was appropriate in form for a petition in the bankruptcy suit, but it was equally good in substance as a bill in equity. It contained a complete statement of a cause of action cognizable in equity and a sufficient prayer for relief. There was no formal prayer for a subpœna, but process was issued and served. All the parties interested appeared, and presented their respective claims by answers, or answers and cross-petitions with appropriate prayers for relief."

See Remington on Bankruptcy (2d Ed.) page 1727; In re McMahon, 147 Fed. 685, 77 C. C. A. 668; In re Steuer (D. C.) 104 Fed. 976; Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50.

[4] It is true that one of the allegations in the petition was that the bankrupts and their agents, without valuable consideration, fraudulently credited and marked paid on their books the accounts due the bankrupts by the agents individually and by their relatives. Of course, the court could not adjudge that these entries of payment were fraudulent, so as to bind the relatives, who were not parties to the petition. Nor, under section 23, would the bankruptcy court have jurisdiction to award a money judgment against the agents individually on the accounts against them set out in the petition, if it had not appeared that the agents, Blair and Frazier, had consented to the court taking jurisdiction of the controversy as to these accounts. But Blair and Frazier did give the consent required by section 23, when they answered the petition on this point without objection, and affirmatively asked to be allowed to offer proof that no fraud had been perpetrated by them in connection with the accounts. In re Connolly (D. C.) 100 Fed. 620; In re Emrich (D. C.) 101 Fed. 231; Remington on Bankruptcy (2d Ed.) § 1698.

The petition and the answer containing this request and consent to have the matter decided constituted a sufficient basis for the bankruptcy court to try the issue as to whether the accounts on the books of the bankrupts against the agents had been in fact paid, and to render judgment against the agents individually in case it should find they were not paid. Our conclusion is that, inasmuch as the petition and the return had all the elements of a bill in equity and answer thereto, all of the questions made therein between the trustee and the bankrupts and their agents should have been decided by the bankruptcy court and a decree entered accordingly. This follows inevitably when we look at the substance rather than the name by which the pleadings were called.

The decree of the District Court is reversed, and the cause remanded for a rehearing of all the issues made by the parties to the petition and return, on the evidence already taken and any other evidence that may be offered by the parties.

Reversed.