## BRIDGETON NAT. BANK v. WAY.

### In re SEELEY.

(Circuit Court of Appeals, Fourth Circuit. October 1, 1918.)

### No. 1651.

1. BANKRUTCY ⬥440—REVIEW—APPEALS.

Appeal is the proper remedy to review an order in bankruptcy, setting aside a deed as a voidable preference.

2. BANKRUPTCY ⬥173—CASHIER—KNOWLEDGE.

Though the president and cashier of a national bank were officers of a corporation holding notes of the bankrupt secured by a deed of trust, which was found voidable as a preference, held, that the evidence was insufficient to charge the bank, which discounted the notes before bankruptcy, with knowledge of the bankrupt's insolvency.

3. BANKRUPTCY ⬥173—HOLDER FOR VALUE—DISCOUNTING BANK.

A bank, which discounted for a customer notes secured by a deed of trust before the maker's bankruptcy, held not a holder for value, entitled to enforce the deed of trust, which was voidable between the parties as a preference.

4. BANKRUPTCY ⬥11—COURTS OF—COURTS OF EQUITY.

A court of bankruptcy is a court of equity.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of the bankruptcy of August Scriber Seeley. Petition by the Norfolk Manure Company, in which Luther B. Way, trustee in bankruptcy, joined, praying that a deed of trust be declared a voidable preference. The referee having set aside the deed of trust, the Bridgeton National Bank filed a petition for review, and the matter was sent back to the referee. A second order setting aside the deed of trust was affirmed on review, and the Bank appeals. Affirmed.

See, also, 253 Fed. 41, —— C. C. A. ——.

G. R. Swink, of Norfolk, Va., for appellant.

J. D. Hank, Jr., of Richmond, Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. On December 5, 1916, less than four months prior to his voluntary adjudication, the bankrupt executed a deed of trust on certain personal property to secure notes amounting to $1,500 given by him about that time to one of his creditors, the Kittone Company, for an antecedent debt. A few days after the adjudication, the receiver of the Norfolk Manure Company filed a petition with the referee, alleging in substance that the property in question belonged to that company, but, if held to belong to the bankrupt's

estate, that the deed of trust should be set aside as a voidable preference. The trustee set up in answer that the property came to him from the bankrupt, who had been in possession of it under the terms of the trust deed, and that it belonged to the bankrupt's estate; but he joined with the receiver in asking that the deed of trust be declared a voidable preference. By consent of all parties the property was sold and the proceeds brought into court. In the bankrupt's schedules the Kiltone Company was listed as a creditor for $1,500, evidenced by two notes secured by deed of trust, and that company appears to have been represented at the first hearing on the receiver's petition. The referee's order set aside the deed of trust, and directed the trustee to administer the proceeds of the property as assets of the bankkrupt's estate.

Thereupon the appellant, Bridgeton National Bank, which had not before appeared in the proceeding, filed a petition for review, alleging that it was the holder for value and without notice of the notes given to the Kiltone Company. The District Court sent the matter back to the referee, with instructions to allow the bank to answer the receiver's petition, and to then rehear the case. In its answer the bank alleges that it became the holder of the notes in question on the 21st of December, 1916, in the usual course of business and without notice; that the notes purported to be secured by the deed of trust mentioned; and that when the same were taken the Kiltone Company had no knowledge or information that the enforcement of the security would effect a preference or enable the holder of the notes to obtain a greater percentage of its debt than other creditors. Payment of the notes' and interest from the proceeds of the property was demanded. On this answer there was a rehearing, at which considerable testimony was taken, and the referee again held and decided that the deed of trust was a voidable preference, but allowed the bank to prove the notes as an unsecured claim. Upon review by the court below the order of the referee was affirmed, and the bank appeals.

[1] 1. It is earnestly argued that the appeal should be dismissed, because the case presented is not "a controversy arising in bankruptcy proceedings," but rather and merely a "proceeding in bankruptcy," which is reviewable only by petition to superintend and revise. It would be a waste of time to review the decisions upon this vexatious question, or to attempt its further discussion, and we therefore content ourselves with expressing the opinion that the case at bar was properly brought here by appeal, upon the authority of Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Moody v. Century Bank, 239 U. S. 374, 377, 36 Sup. Ct. 111, 60 L. Ed. 336; Barnes v. Pampel, 192 Fed. 525, 113 C. C. A. 81; Rison v. Parham, 219 Fed. 176, 134 C. C. A. 550; Emerson v. Castor, 236 Fed. 29, 149 C. C. A. 239; Wuerpel v. Commercial Germania T. & S. Bank, 238 Fed. 269, 151 C. C. A. 285; In re Creech Bros. Lumber Co., 240 Fed. 8, 153 C. C. A. 44; and Jones v. Blair, 242 Fed. 783, 155 C. C. A. 371.

The motion to dismiss is denied.

2. Upon conflicting testimony the referee found in effect that the Kiltone Company, when it took the notes and deed of trust, had rea-

sonable cause to believe that Seeley was insolvent, and that the enforcement of the security would give it a preference over other creditors. This finding was affirmed by the learned District Judge, and careful examination satisfies us that it should not be disturbed. It follows that in the hands of the original creditor the deed of trust was invalid and unenforceable as against the trustee in bankruptcy.

[2] 3. Is the bank in any better position? The trustee says it is not, because it is neither a holder without notice nor a purchaser for value. The first contention is based on the fact that the president of the Kiltone Company is the president of the bank, its secretary is the cashier of the bank, and the two concerns have several common directors. Whatever suspicion this close relationship might create, we are not prepared to hold, in view of the cashier's positive testimony, that it was sufficient to charge the bank with knowledge of Seeley's insolvency, and this contention must be overruled.

[3] The other is much more serious. The Kiltone Company, then and now abundantly solvent, kept a checking account with the bank, and was one of its regular customers. When the notes were discounted for the payee, less than a month before the bankruptcy of the maker, the bank advanced no money to the company, but simply placed the proceeds to its credit. There is no evidence or claim that this credit has been drawn upon, or even that the prior balance of the company has been reduced. If the notes had matured without payment, they would have been charged to the indorser's account in the ordinary course of business, and for aught that appears the bank could at any time return them to the company and cancel the credit. In short, whilst the bank is the holder of the notes, which represent a debt of the bankrupt maker to the payee, and may prove them as a claim against the bankrupt's estate, it is clearly not a holder for value, because it parted with nothing when it got them, and must be presumed to have paid nothing since, as it has not attempted to show—and the burden was upon it—that any part of the amount credited has been withdrawn. Dresser v. M. & I. R. C. Co., 93 U. S. 92, 23 L. Ed. 815; Thompson v. Sioux Falls Nat. Bank, 150 U. S. 231, 244, 14 Sup. Ct. 94, 37 L. Ed. 1063; Citizens' Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765; Miller v. Norton. 114 Va. 609, 77 S. E. 452; Third Nat. Bank v. Exum (N. C.) 79 S. E. 498; Union Nat. Bank v. Winsor, 101 Minn. 470, 112 N. W. 999; Code of Virginia, § 2841a, subsec. 59 (2 Pollard's Code, 1469).

[4] In view of this settled rule of law, it seems plain to us that the bank's claim to the fund in question is no better than that of the Kiltone Company. The bankruptcy court is a court of equity, and it would be manifestly unjust, under the facts here disclosed, to allow this bank, which is not a holder for value, and which in any event is protected by a solvent indorser, to enforce an invalid security. The basic purpose of the bankrupt law, the equal distribution of assets, is not to be thus defeated.

Affirmed.