### In re PATTERSON–MacDONALD SHIPBUILDING CO.

(District Court, W. D. Washington, N. D.   September 18, 1922.)

No. 6303.

1. **Bankruptcy ⟨key⟩11—Jurisdiction of bankruptcy court limited by Bankruptcy Act.**

   The jurisdiction of the bankruptcy court is fixed and limited by the Bankruptcy Act (Comp. St. §§ 9585–9656).

2. **Bankruptcy ⟨key⟩11—Bankruptcy court not empowered to render general judgment in bankrupt estate against a third person.**

   Under Bankruptcy Act, §§ 23b, 68 (Comp. St. §§ 9607, 9651), the bankruptcy court is not empowered to render a general judgment in favor of the bankrupt estate against a third person; the jurisdiction of the court, in the absence of consent, being limited to ascertaining the net amount due the creditors.

3. **Set-off and counterclaim ⟨key⟩19—Rule as to jurisdiction of court to entertain counterclaim stated.**

   In the absence of a statute, a court has jurisdiction to entertain a counterclaim only where it would have jurisdiction to entertain the claim originally.

**4. Bankruptcy ⊂⇒326—Liquidation of claim not a plenary proceeding, in which counterclaim recoverable.**

> The liquidation of a claim against a bankrupt estate by a special master appointed for such purpose is not a plenary proceeding, and hence the trustee cannot recover therein the amount by which a debt owed by the creditor to the bankrupt exceeds the creditor's claim.

In Bankruptcy. In the matter of the Patterson-MacDonald Shipbuilding Company, bankrupt. The Australian government filed a claim, to which the trustee filed objections, and a counterclaim against the claimant. Exceptions to report of a special master appointed to liquidate the claim were sustained in part and overruled in part, and the trustee moves for a rehearing as to his right to judgment against the claimant on his counterclaim. Right to judgment on counterclaim denied.

See, also, 284 Fed. 277.

Bronson, Robinson & Jones, of Seattle, Wash., for trustee.

Shank, Belt & Fairbrook, of Seattle, Wash., for claimant.

NETERER, District Judge. Rehearing on motion of the trustee was granted. He contended that the court erred in denying his right to judgment against the Australian government on his counterclaim, or at least a finding of a money liability in favor of the trustee against the Australian government for such amount. Upon the filing of claim by the Australian government before the referee objections were filed to the claim by the trustee: (1) That a suit was pending in the state court to foreclose the mortgage held by the Australian government; (2) that no arbitration had been had or tendered; (3) that claimant's claim is unliquidated; (4) that the mortgages are invalid; (5) that the bankrupt is not indebted to the claimant, but, on the contrary claimant owes the bankrupt. A motion was filed to make the fifth objection more explicit. Thereafter amendment was filed in harmony with the motion. Upon stipulation of the parties a special master was appointed to liquidate the claim.

At the inception of the hearing the special master, upon entering on the liquidation of the claim, stated "that I do not know of any particular pleading that should be required." Attorneys for the trustee stated, "We want to file some issue of fact," whereupon the attorney for the Australian government asked that there might be tendered before evidence was taken, to which reply was made that it will be substantially as indicated. The claimant presented and completed its proofs. Thereafter an amendment to the answer was filed in which affirmative relief was asked. Counsel for claimant objected to having the proceeding treated as a plenary suit, stating that he was not authorized to appear for the Australian government in any other than bankruptcy matters, and objected to the court's jurisdiction. Upon the opening of the testimony by the trustee, counsel for the Australian government objected to the introduction of any evidence on behalf of the trustee in opposition to the liquidation of the claim, or to prove any offset until the trustee specifically waive any overplus which may be found to exist in the final proof. The master heard the testimony without ruling upon this objection.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] The bankruptcy court is created, and its jurisdiction is fixed and limited, by the Bankruptcy Act (Comp. St. §§ 9585–9656). The spirit and purpose of the act do not contemplate a general judgment in favor of the bankrupt estate against a third person. Section 23b of the act, supra (Comp. St. § 9607), provides that the trustee may bring a suit "in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them." But this does not comprehend any plenary action in the bankruptcy court. An analysis of the cases relied upon by the trustee do not sustain it.[1] In the absence of consent the jurisdiction of the bankrupt court is limited to ascertaining the net amount due the creditors. Section 68 of the act, supra (Comp. St. § 9651).

[3] I think the authorities are conclusive that a bankruptcy court has not jurisdiction to entertain a claim by a trustee against a third party for a money judgment.[2] In the absence of statute, a court has jurisdiction to entertain a counterclaim only where it would have jurisdiction to entertain the claim originally. 34 Cyc. 646, 7; In re T. Lesher & Son (D. C.) 176 Fed. 650.

[4] The claimant also contends that judgment could not be entertained against a foreign sovereignty;[3] but what has been said disposes of the issue, and it is not necessary to give this consideration. The rule heretofore announced, that the liquidation of this claim is not a plenary proceeding, is right, and the trustee must be held to have waived his right to recover any amount clearly shown to be in excess of the creditor's claim, and no finding of money liability in favor of the trustee should be made.

[1] Fairbanks S. S. Co. v. Wills, 240 U. S. 642, at page 649, 36 Sup. Ct. 466, 60 L. Ed. 841; Bryan v. Bernheimer, 181 U. S. 188, at page 197, 21 Sup. Ct. 557, 45 L. Ed. 814; In re Berry (D. C.) 247 Fed. 700; In re Fed. Contracting Co., 212 Fed. 688, 129 C. C. A. 224; In re Alexander (D. C.) 193 Fed. 749; Sheppard v. Lincoln (D. C.) 184 Fed. 182; Mitchell v. Mitchell (D. C.) 147 Fed. 280; Philips v. Turner, 114 Fed. 726, 52 C. C. A. 358; Boonville Nat. B. v. Blakely, 107 Fed. 891, 47 C. C. A. 43; In re Emrich (D. C.) 101 Fed. 231; In re Connolly (D. C.) 100 Fed. 620; Black, Bkcy. (3d Ed.) 880; Detroit T. Co. v. Pontiac S. B., 196 Fed. 29, 115 C. C. A. 663; In re Rockford P. & S. Co. (C. C. A.) 275 Fed. 811; In re Eilers Music House (C. C. A.) 274 Fed. 330; Jones v. Blair, 242 Fed. 783, 155 C. C. A. 371; In re Howard Laundry Co., 203 Fed. 445, 121 C. C. A. 555; In re Blake, 150 Fed. 279, 80 C. C. A. 167, In re Steuer (D. C.) 104 Fed. 976; Morehouse v. Pac. H. S. Co., 177 Fed. 337, 100 C. C. A. 647; Seegmiller v. Day, 249 Fed. 177, 161 C. C. A. 213; In re Auto S. L. Co. (D. C.) 237 Fed. 299; Breit v. Moore, 135 C. C. A. 573, 220 Fed. 97; In re Franklin Brewing Co. (D. C.) 257 Fed. 135; In re Kornit Mfg. Co. (D. C.) 192 Fed. 394; In re White, 177 Fed. 194, 101 C. C. A. 364; Wiswall v. Campbell, 93 U. S. 347, 23 L. Ed. 923.

[2] Bardes v. First N. B., 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Lovell v. Newman, 227 U. S. 412, 33 Sup. Ct. 375, 57 L. Ed. 577; Louisville T. Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Galbraith v. Vallely, 256 U. S. 46, 41 Sup. Ct. 415, 65 L. Ed. 823; In re Wood (C. C. A.) 278 Fed. 355; Johnson v. Doebler (C. C. A.) 275 Fed. 822; In re Manning (D. C.) 123 Fed. 179; In re Ballou (D. C.) 215 Fed. 810; In re Continental Pro. Co. (D. C.) 261 Fed. 627.

[3] Mason v. Intercol. Ry. of Canada, 197 Mass. 349, 83 N. E. 876, 16 L. R. A. (N. S.) 276, 125 Am. St. Rep. 371, 14 Ann. Cas. 574; Stanley v. Schwalby, 162 U. S. 256, 16 Sup. Ct. 754, 40 L. Ed. 960; Deseret Water, Oil & Ir. Co. v. California, 202 Fed. 498, 120 C. C. A. 641.